**AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, LOCAL 195, AFL-CIO,**

v.

**M. FEDER & CO.**

**Civ. A. No. 33788.**

United States District Court
E. D. Pennsylvania.

Nov. 18, 1963.

Edward Davis, Philadelphia, Pa., for plaintiff.

Herbert Toff, Easton, Pa., for defendant.

VAN DUSEN, District Judge.

Plaintiff in this action commenced suit alleging that, at all times material to this suit, it was the exclusive bargaining representative of the production and maintenance employees of the defendant. In January 1963, pursuant to the contract between the parties, an arbitration proceeding was instituted to consider the grievance of an employee. At the arbitration hearing (March 1963) and before the arbitrator, the parties arrived at a settlement which they accepted in lieu of a formal award by the arbitrator. This suit is to enforce payment of the sum agreed upon at that settlement.

Defendant has filed a Motion to Dismiss (Document 2), claiming that this court has no jurisdiction over the subject matter of the suit, since the suit was peculiarly for the benefit of one employee. The Motion must be denied, since the court does have jurisdiction over the subject matter under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185 (hereinafter referred to as "§ 301").

The settlement agreement was a contract between the defendant employer and the plaintiff union under § 301, which provides that "Suits for violation of contracts between an employer and a labor organization * * * may be brought in any district court of the United States * * *."

In Retail Clerks Intern. Ass'n v. Lion Dry Goods, 369 U.S. 17, 82 S.Ct. 541, 7 L.Ed.2d 503 (1962), a strike settlement

was enforced under § 301. The Supreme Court held that this was within "contracts" cognizable under § 301, and 369 U.S. at page 27, 82 S.Ct. at pages 546–547, 7 L.Ed.2d 503 said:

> "If this kind of strike settlement were not enforceable under § 301 (a), responsible and stable labor relations would suffer, and the attainment of the labor policy objective of minimizing disruption of interstate commerce would be made more difficult. It is no answer that in a particular case the agreement might be enforceable in state courts: a main goal of § 301 was precisely to end 'checkerboard jurisdiction,' * * *."

Since this is a suit based on such a settlement agreement, the reasoning relied on in defendant's Reply Brief filed November 13, 1963, is inapposite.

Had this agreement been the arbitrator's award, even though it could be characterized as "uniquely personal" or "peculiar to the individual," the court could enforce the award.[1] Defendant's obligation is to pay a certain union member the sum agreed upon as settlement. Obligations similar to this have been enforced by the courts[2] and the adjective phrases quoted above have been held not to be bars to jurisdiction under § 301.[3]

The policy of the Supreme Court is to give effect to the method chosen by the parties to resolve their labor disputes. Recently, in enforcing a ruling of a committee used by the union and by management to settle their disputes, the court said:

> "If * * * the award of the Joint Area Cartage Committee is under the collective bargaining agreement final and binding, the District Court has jurisdiction under § 301 to enforce it, notwithstanding our Westinghouse decision [Association of Westinghouse Salaried Employees v. Westinghouse Elec. Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510] * * * It is not enough that the word 'arbitration' does not appear in the collective bargaining agreement, for we have held that the policy of the Labor Act 'can be effectuated only if the means chosen by the parties for the settlement of their differences under a collective bargaining agreement is given full play.' * * * Thus, if the award at bar is the parties' chosen instrument for the definitive settlement of grievances under the Agreement, it is enforceable under § 301."[4]

Here, an award by the arbitrator would have been final and binding[5] and so is the settlement agreement reached in lieu of the arbitrator's decision, since this is the means chosen by the parties to resolve this grievance. This means of settling the dispute should be given effect by the court.

Accordingly, this court finds that the settlement agreement made by the parties was what the Labor Management Relations Act envisioned, i. e., parties

---

1. It is not entirely clear that this award would be so uniquely personal, but for the purpose of deciding this Motion will be considered as such.

2. Steelworkers v. Enterprise Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); American Brake Shoe Co., Etc. v. Local No. 149, Etc., 285 F.2d 869 (4th Cir. 1961); Textile Workers Union of America v. Cone Mills Corp., 268 F.2d 920 (4th Cir. 1959); A. L. Kornman Co. v. Amalgamated Clothing Workers, 264 F.2d 733 (6th Cir. 1959).

3. See Drivers Union v. Riss & Co., 372 U.S. 517, 520, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); Smith v. Evening News Ass'n., 371 U.S. 195, 199, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

4. Drivers Union, supra fn. 3, at 372 U.S. page 519, 83 S.Ct. page 791, 9 L.Ed.2d 918.

5. Agreement between plaintiff and defendant dated October 1, 1962, Sec. II, Par. C.

handling their own disputes, with a minimum of interference to others, and the policy of the Act, as described by the Supreme Court, can best be effectuated if this court enforces the settlement agreement promptly.

## ORDER

And now, November 18, 1963, it is ordered that defendant's Motion to Dismiss (Document 2) is denied.