**Julus NEWTON, Plaintiff,**

v.

**LOCAL 801 (FRIGIDAIRE LOCAL OF the INTERNATIONAL UNION OF ELECTRICAL WORKERS), Defendant.**

**No. C–3–79–192.**

United States District Court, S. D. Ohio, W. D.

Dec. 31, 1980.

William L. Havemann, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for plaintiff.

Richard F. Rice, Kettering, Ohio, for defendant.

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; JUDGMENT TO DEFENDANT AND AGAINST PLAINTIFF; ENTRY OF JUDGMENT; CANCELLATION OF TRIAL DATE; TERMINATION ENTRY

RICE, District Judge.

The captioned cause came to be submitted upon Defendant's motion seeking an Order of the Court entering summary judgment in its favor and against Plaintiff.

This is a labor matter. The Complaint indicates that Plaintiff, a former employee of the Frigidaire Division of General Motors, was a member in good standing of the Defendant Union Local at the time of his discharge from employment at Frigidaire. The Complaint further indicates that Plaintiff's discharge was grieved pursuant to procedures established by the collective bar-

gaining agreement between the Defendant and Frigidaire, and that during the course of said grievance Frigidaire and the Defendant agreed that Plaintiff should be reinstated. Finally, it is alleged in the Complaint that, because of improper considerations on the part of Union officials, the Defendant withdrew Plaintiff's grievance and thereby effectively abrogated the reinstatement agreement prior to its implementation.

Based on these facts and associated matters concerning Plaintiff's discharge and grievance (i. e., the nature of the "improper considerations" by Defendant's officials), Plaintiff claims that Defendant: (1) breached its duty of fair representation; (2) violated Plaintiff's statutory right to "freedom from intimidation" in the exercise of other rights; and (3) violated Plaintiff's procedural rights.

The procedural claim is not altogether clear from the Complaint. In paragraph 2, thereof, Plaintiff claims entitlement to relief for "violation of his due process rights *under the Constitution.*" However, in correlative paragraphs (numbers 17–19) under the Third Claim, it is alleged that Defendant refused to *"fairly process* his [i. e., Plaintiff's] grievance *under the applicable collective bargaining agreement,*" and, therefore, "Plaintiff believes that his *constitutional rights to due process under the collective bargaining agreement* has been denied him [sic]." Despite the "constitutional" language, the Court fairly concludes that Plaintiff either did not or does not now intend to allege a deprivation of Fourteenth Amendment rights.

In this regard, the Court notes that there is no specification in the Complaint of any cognizable constitutional due process deprivation, no allegation of state action, and no attempt either to frame the claim under 42 U.S.C. § 1983 or assert jurisdiction under 28 U.S.C. §§ 1331, 1343. Although these considerations are not necessarily dispositive, in context the Third Claim only appears to be capable of fair construction as a claim for deprivation of procedural rights under the collective bargaining agreement.

Plaintiff, in omitting all discussion of the Third Claim in memoranda opposing defendant's motion, has not explicitly shed any light on what in fact was, or is now intended by this part of the Complaint. However, if the Third Claim is construed as a violation of bargaining agreement provisions (as suggested above), then it is susceptible of implicit consideration in discussion of Plaintiff's fair representation claim (as explained further below). Therefore, since Plaintiff has omitted explicit consideration of the Third Claim from his memoranda, but has explicitly discussed the fair representation claim, the Court finds that Plaintiff either now considers that the Third Claim is "under the collective bargaining agreement," or has otherwise determined to abandon whatever else may have been formerly intended by said claim.

Further, as a means of ascribing some intelligibility to the Third Claim for purposes of addressing Defendant's motion, and thereby preserving whatever merit may exist in the allegation of procedural misconduct in that part of the Complaint, the Court concludes that said procedural misconduct must be considered as an allegation of breach of the collective bargaining agreement.

■ In its motion, Defendant says that Plaintiff is barred from seeking relief with respect to the stated claims by virtue of the applicable statutes of limitations. In general, Defendant says that where a cause of action recognized under federal law is not expressly made subject to a federal statutory limitation, then the most appropriate *state* statute of limitations is deemed applicable and is determinative of the timeliness of suit on such cause of action. *International Union v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). In particular, because a union's duty of fair representation is essentially statutory and no federal limitations statute is applicable to a claim of breach thereof, such claim of breach arising in Ohio should be governed by that part of O.R.C. § 2305.07 which provides:

[A]n action ... upon a liability created by statute ... shall be brought within *six years* after the cause thereof accrued.

The Court agrees. *Gray v. International Association of Heat and Frost Insulators*, 416 F.2d 313 (6th Cir. 1969) (applying comparable Kentucky limitations statute to fair representation claim).

■ Further, Defendant says that because a violation of the statutory right to "freedom from intimidation" in the exercise of other rights is in the nature of a tort, a claim based on such violation arising in Ohio should be governed by that part of O.R.C. § 2305.09 which provides:

An action for any of the following causes shall be brought within *four years* after the cause thereof accrued:

. . . . .

(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in [certain sections] of the Revised Code.

The Court again agrees. *Howard v. Aluminum Workers International Union*, 589 F.2d 771 (4th Cir. 1978) (applying Virginia tort limitations to comparable claim); *Sewell v. Grand Lodge of International Association of Machinists and Aerospace Workers*, 445 F.2d 545 (5th Cir. 1971) (Alabama tort limitations applied).

Finally, because Plaintiff's answers to interrogatories indicate that all events relevant to his claims occurred more than six years before the instant action was commenced (i. e., the last event—Defendant's withdrawal of the grievance—having occurred on April 24, 1973, and the Complaint herein having been filed on May 8, 1979), Defendant says such claims are barred by the applicable periods of limitations.

■ In its motions, Defendant omitted explicit discussion of the timeliness of Plaintiff's Third Claim for relief. However, the Court finds that for present purposes, as construed above, said claim is no different in kind from the claimed breach of Defendant's duty of fair representation. Both claims arise from Defendant's *statutory status* as Plaintiff's exclusive bargaining agent in negotiating and maintaining the collective bargaining agreement, and from Defendant's *alleged failure to meticulously enforce* the provisions thereof for Plaintiff's benefit without arbitrary or discriminatory deviation. Thus, the considerations applicable to determination of the timeliness of Plaintiff's fair representation claim are equally applicable to the claim of violation of procedural rights under the collective bargaining agreement (i. e., primarily, that each claim is in essence founded on statutory liability).

Plaintiff does not dispute as fact that his claims arose more than six years before the instant action was commenced. Indeed, insofar as Plaintiff has not submitted an affidavit or any additional documentory evidence in opposition to the motion, it may be said that no factual issues have been preserved relevant to a determination whether Plaintiff's cause is time-barred. F.R.C.P. 56(e), (f).

What Plaintiff does say in opposition to Defendant's motion is that Plaintiff's cause is atypical, being neither of statutory creation nor in tort, but is founded on a contract reduced to writing—specifically, *the reinstatement agreement*—and thereby governed by that part of O.R.C. § 2305.06 which provides:

[A]n action upon ... an agreement, contract or promise in writing shall be brought within *fifteen years* after the cause thereof accrued.

In other words, contrary to the plain meaning of the stated claims in the Complaint, Plaintiff now contends that his action is not directly predicated on Defendant's breach of statutory duties concerning the collective bargaining agreement, or on Defendant's tortious interference with Plaintiff's statutory rights. Rather, Plaintiff says that he was a third-party beneficiary of the reinstatement agreement entered into between the Defendant and Frigidaire, and that Defendant's subsequent withdrawal of Plaintiff's grievance amounted to a breach of that agreement, for which Defendant may now be held liable to Plaintiff as third-party beneficiary in an action on contract.

The Court notes that no jurisdictional problem is presented by framing Plaintiff's cause in this fashion. Grievance settlement agreements are clearly "contracts", for purposes of subject matter jurisdiction over actions thereon, within the meaning of 29 U.S.C. § 185. *Amalgamated Meat Cutters & Butchers Workmen v. M. Feder & Co.*, 224 F.Supp. 739 (E.D.Pa.1963). Thus, under this "recharacterization" of Plaintiff's theory of the Complaint (i. e., in substantial deviation from the plain meaning of language employed in the Complaint to describe Plaintiff's claims), the only question presented for resolution is whether Defendant's conduct with respect to the reinstatement agreement is actionable by Plaintiff as breach of a written contract subject to the 15 year limitation in O.R.C. § 2305.06, and, therefore, not time-barred.

It does not appear that the question of the appropriate statute of limitations applicable to an employee's action against his union on a *subsidiary* labor agreement between the union and employer (i. e., not on the collective bargaining agreement) has been directly addressed in the reported cases. However, for the following reasons, this Court holds that such action, at least in the context of the present case, is governed by limitations applicable to statutory actions, and that Plaintiff's cause, herein, is therefore time-barred.

To hold that Plaintiff may maintain an action against Defendant on the reinstatement agreement with Frigidaire on the theory that Plaintiff was a third-party beneficiary of that agreement (and that the action may, thereby, be considered one for breach of contract subject only to a 15 year limitation) would be inconsistent with the law in this Circuit regarding limitations applicable to fair representation claims. *See Gray, supra.* That is, if this Court were to allow Plaintiff's cause to proceed under a third-party beneficiary theory on breach of the reinstatement agreement, then there would be no reason why fair representation claims (including Plaintiff's herein) might not also proceed under a third-party beneficiary theory on breach of the collective bargaining agreement (and, thereby, also be governed by contract limitations statutes).

The rationale behind treatment of a fair representation claim as being founded on statute (for union breach of duty as the statutory exclusive bargaining agent for employees), rather than on contract (for union breach of the collective bargaining agreement made for the benefit of employees), is extensively articulated in *Richardson v. Communication Workers of America*, 443 F.2d 974 (8th Cir. 1971):

> The plaintiff pleaded and tried his case on the theory that the Union breached the collective bargaining agreement as to the nondiscrimination clause. *Assertion of the claim against the Union for breach of contract misconstrues the relationship between the parties to a collective bargaining agreement.* The Union is signatory to the agreement on behalf of all the employees. It thus serves in the capacity of a fiduciary to the employees. In fact, the rights of the individual employees are the "major focus" of the bargaining contract with the company. Breach of the agreement by the bargaining agent, which simultaneously conflicts with its role as a fiduciary to the employee, creates a claim for breach of trust to its statutory duty to give adequate representation and not for one arising out of the collective bargaining agreement.

*Id.* at 980 (emphasis added, citations and footnote omitted).

But Plaintiff, herein, points out that the reinstatement agreement is very much different in intent and effect than a collective bargaining agreement, because the latter benefits a large class of employees whereas the former only concerns Plaintiff as the specific and sole intended beneficiary. Thus, Plaintiff says that characterization of an action against the union on the collective bargaining agreement as statutory should not require that an action for specific benefits on the reinstatement agreement also be so characterized.

However, this contention ignores the fact of the Defendant's identical status as Plaintiff's statutory bargaining agent in negoti-

ating and maintaining both a collective bargaining agreement and, as in this case, a specific grievance settlement agreement. In each such case, the union adheres to or breaches the agreement not by or in violation of any employee right derived from a consensual duty that the union serve as intermediary, but by its own statutory right and implicit duty as the employee's, *or an employee's* exclusive bargaining agent. *Cf. Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967).

The characterization of Plaintiff's cause as being statutory rather than on contract is consistent with general principles governing third-party beneficiary actions. Defendant did not, and indeed, could not owe Plaintiff the obligation of reinstatement prior to the alleged reinstatement agreement. Assuming that Defendant did secure Plaintiff's right to reinstatement *from Frigidaire*, it is clear that Defendant was but the promisee on the obligation to reinstate. *But for the continuing statutory duty of fair representation*, Defendant's obtaining of the reinstatement obligation from Frigidaire satisfied no preexisting obligation on Defendant's part to Plaintiff, and, therefore, Plaintiff would have been (in common law terms) considered a donee beneficiary of the Defendant's contract, as promisee, with Frigidaire. It is hornbook law that, under most circumstances, a donee beneficiary has no rights against the promisee on the contract because the promisee had no antecedent duty to the beneficiary. Calamari & Perillo, *Law of Contracts* § 252 at 399 (1970). Thus, if Plaintiff herein does have a right against the Defendant on the reinstatement agreement, it must be by virtue of Defendant's statutory duty of fair representation.

Because it is the *Defendant's* statutory right, duty, and relationship with respect to Plaintiff that is controlling, herein, Plaintiff's additional reliance on case authorities applying contract limitations to *employee actions against employers* (with the employees as beneficiaries on collective bargaining agreements) are inapposite. *See, e. g., Reliford v. Eastern Coal Corporation*, 260 F.2d 447, 455 (6th Cir. 1958).

The Court notes that even if Plaintiff's cause were to be considered on contract, it is questionable whether the 15 year limitation applicable to actions on *written* contracts would apply to his cause. Upon citation of authority construing Nebraska law, *Sandobal v. Armour and Company*, 429 F.2d 249 (8th Cir. 1970), Plaintiff asserts that the memorandum evidencing the alleged reinstatement agreement, herein, does constitute a written contract. However, the indicia of a "contract in writing" under Ohio law, for purposes of determining the applicability of O.R.C. § 2305.06, are not satisfied by a memorandum either reducing an oral agreement to writing, or merely evidencing that some agreement has been made. *First National Securities Corp. v. Hott*, 162 Ohio St. 258 (1954). The written instrument must be itself enforceable as the agreement. In this regard, the Court questions whether the three-word notation on the face of Plaintiff's grievance form (i. e., "Reinstate-back pay"), which Plaintiff says constitutes a written contract, is an independently enforceable agreement, or is more closely analogous to the cryptic marking held not to constitute a written contract in *Regina Apartments, Inc. v. Village Green, Inc.*, 60 Ohio App.2d 345, 397 N.E.2d 420 (Franklin Cty.1978). Thus, it would appear that even if Plaintiff's cause were maintainable *on contract, it would fall* within the 6 year limitation under O.R.C. § 2305.07 (applicable to actions on contracts not "in writing"), rather than O.R.C. § 2305.06, and thereby be time-barred.

As previously indicated, the Court concludes that Plaintiff's claims, either as set forth in the Complaint or as recharacterized in response to Defendant's motion, are barred by Ohio's statutes of limitations applicable to actions upon statutory liability or in tort. O.R.C. §§ 2305.07, 2305.09. Therefore, Defendant's motion seeking an Order of the Court entering summary judgment in its favor, for reason that Plaintiff's cause is time-barred, is well taken and is, therefore, sustained.

Trial upon the merits of the captioned cause, set for the week of January 5, 1981, is hereby ordered cancelled.

 

The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, sitting at Dayton.

Counsel should take note that this Decision is also in the form of a judgment entry. Therefore, the time for prosecuting an appeal to the Sixth Circuit Court of Appeals must be computed from the date upon which this Decision and Entry is filed.