TOTAL    <u>           </u>

Jose SHAPIRO, Plaintiff,

v.

COOK UNITED, INC., et al., Defendants.

Civ. A. No. C 82–580.

United States District Court,
N.D. Ohio, E.D.

Dec. 9, 1982.

James M. Mancini, Lyndhurst, Ohio, for plaintiff.

Frank W. Buck, Douglas Paul, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court are alternative motions for dismissal or for summary judgment, filed by defendants Cook United, Inc., ("Cook") and Teamsters Union Local 507 ("Union"). The defendants claim that the plaintiff failed to file his action within the applicable period of limitations. For the reasons set forth below, the Motions for Summary Judgment are granted, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").

The facts relevant to these motions are not in dispute. Plaintiff, Jose Shapiro, was an employee of Cook and a member of the Union. On June 4, 1981 he was discharged by Cook for dishonest acts and he promptly filed a grievance on June 6, 1981. Shapiro's requests for arbitration were refused by the

Union and the dismissal was finalized on August 7, 1981. Seven months later, on March 8, 1982, Shapiro filed suit against Cook for breach of the collective bargaining agreement and against the Union for breach of its duty of fair representation. The Union counter-claimed for $15,000.

I

Cook and the Union correctly argue that, under *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982), Ohio's three month statute of limitations period applies in this case.

■ Shapiro erroneously argues that principles newly enunciated by the judiciary are limited to prospective application, based upon *Griffen v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *Griffen* is distinguishable, as it was a criminal case involving unconstitutional legislation. The general approach taken by the Supreme Court is that a judicial precedent has retroactive effect, and the burden to prove nonretroactivity is upon the plaintiff. *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). A three-prong test was established in *Chevron,* and evidence must be provided to meet all three prongs. *Cochran v. Birkel,* 651 F.2d 1219 (6th Cir.1981).

■ The first prong requires that a new precedent be established by the overruling case. Applied to the facts at bar, *Mitchell* provided the applicable statute of limitations, which is 90 days in Ohio, O.R.C. § 2711.13, the same duration as in *Mitchell.* Contrary to Shaprio's contention, *Badon* was foreseeable, and Shapiro fails to carry the burden of proving nonretroactivity here.

The second prong of *Chevron* requires that the policy underlying the new rule be promoted when applied to the specific set of facts. The policies underlying *Mitchell* and *Badon* are the rapid disposition of labor disputes and the continued integrity of the collective bargaining system. "Rapid" is

defined by the state law regarding vacation of an arbitration award. In the instant case Shapiro waited approximately seven months, or twice as long as Ohio law provides. Here again, Shapiro fails to meet his burden.

The third and final prong of *Chevron* considers the equity of a retroactive application of the new principle. Shapiro claims reliance on the former statute of limitations, as well as the inapplicability of *Badon,* because *Badon* was decided two months after he filed suit. This argument is without merit. The Supreme Court precedent of *Mitchell* clearly foreshadowed *Badon* and presented a fact pattern on all fours with this case. To allow employees extra time is unfair to the unions and to the employers, who are entitled to repose. This Court also rejects usage of the six-year statute of limitations provided by the anomalous decision of *Newton v. Local 801,* 507 F.Supp. 439 (S.D.Ohio 1980), because *Newton* was decided prior to both *Mitchell* and *Badon.*

Shapiro has failed to satisfy any prong of the *Chevron* principles. Accordingly, *Badon* will be applied retroactively.

II

Shapiro argues in the alternative that if *Badon* and *Mitchell* are applied, he still meets the three-month statute of limitations because it was tolled until January of 1982. Since suit was filed March 8, 1982, it is not entirely evident to the Court that this version of the facts satisfies the three-month statute of limitations, either. Nevertheless, the other arguments will be considered.

■ Where the plaintiff acts in a manner adverse to his interests due to fraudulent concealment or some other action of the defendant, the statute of limitations may be tolled. *Hayden v. Ford Motor Company,* 497 F.2d 1292 (6th Cir.1974); *Estes v. Kentucky Utilities Company,* 636 F.2d 1131 (6th Cir.1980). To maintain a case of fraudulent concealment, Shapiro must prove: (1) wrongful concealment by the defendants of

their actions; (2) failure to discover operative facts within the alleged time period; and, (3) due diligence until the facts were discovered. *Dayco Corp. v. Goodyear Tire and Rubber Co.,* 523 F.2d 389, 394 (6th Cir.1975) *quoting Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir.1974).

■ Shapiro fails to meet the first requirement that defendants secreted their actions or the rights of Shapiro, because the available evidence shows that the Union and Cook behaved in accordance with the binding collective bargaining agreement. Shapiro's attorney confuses the 30-day limitation for arbitration under the collective bargaining agreement with the federal statute of limitations. Presumably, the fact that the Union did not go to arbitration is to be interpreted as a dubious effort by the Union to avoid their duty to Shapiro, but *Vaca v. Sipes,* 386 U.S. 171, 192, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967) holds that failure to go to arbitration, alone, is insufficient to establish a breach of the duty of fair representation. This Court cannot find that defendants have wrongfully concealed anything when their behavior comports with the known standards.

Shapiro fails to meet the second requirement that he failed to discover his cause of action in the first four months, because he was notified that he had failed on the merits of his grievance. A person out of work and without a paycheck is certainly aware of the fact that he has been discharged. It took him four months to pursue his cause of action, but that does not qualify as "discovery" of the cause of action.

The third requirement is that due diligence be used. Shapiro is immediately hoisted on his own petard because his attorney states in his Opposition to Summary Judgment "that he [Shapiro] had not seen or read the terms of the grievance procedure contained in the collective bargaining agreement" (p. 6), presumably until sometime in January of 1982 after contacting the attorney. This behavior can hardly be attributable to any conduct of the defendants.

Shapiro has failed to satisfy any requirement which would toll the statute of limitations because of fraudulent concealment. See also *Echols v. Chrysler Corp.,* 633 F.2d 722 (6th Cir.1980) holding that a cause of action accrues when the relevant facts and elements come into existence, rather than when the plaintiff discovers the injury. Shapiro has similarly attempted to extend the statute of limitations by claiming an accrual of action consistent with his discovery of damages. However, all relevant facts comprising this cause of action existed when he was fired. Therefore, this Court rules that Shapiro has failed to provide reason to toll the statute of limitations, and defendants' Motions for Summary Judgment are granted.

### III

■ Defendant Union also counterclaimed for an award of costs and expenses related to this litigation. However, the applicable Collective Bargaining Agreement does not provide that an individual must reimburse the Local Union where the individual plaintiff loses. Nor does the LMRA make a provision for attorney fees. In litigation in the federal courts, attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *F.D. Rich Co., Inc. v. United States For the Use of Industrial Labor Co., Inc.,* 417 U.S. 116, 126, 94 S.Ct. 2157, 2163, 40 L.Ed.2d 703 (1974) *quoting Fleischman Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 717, 87 S.Ct. 1404, 1406, 18 L.Ed.2d 475 (1967). *See also, Incarcerated Men of Allen County Jail v. Fair,* 507 F.2d 281 (6th Cir.1974). The United States Supreme Court in *Rich, supra,* at 129, 94 S.Ct. at 2165 quoted *Fleischman, supra,* at 718, 87 S.Ct. at 1407, observing that "one should not be penalized for merely defending or prosecuting a lawsuit, and . . . the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponent's counsel". This Court adheres to those principles and accordingly dismisses the Union's counterclaim.

IT IS SO ORDERED.