**FORMER FRIGIDAIRE EMPLOYEES ASSOCIATION, et al., Plaintiffs,**

v.

**INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, LOCAL 801, et al., Defendants.**

No. C–3–83–294.

United States District Court, S.D. Ohio, W.D.

Oct. 7, 1983.

David L. Hall, Dayton, Ohio, for plaintiffs.

J.R. Wheatley, Detroit, Mich., Joseph P. Buchanan, Dayton, Ohio, Richard F. Rice, Kettering, Ohio, Carole W. Wilson, Washington, D.C., for defendants.

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; FURTHER PROCEDURES ORDERED OF COUNSEL

RICE, District Judge.

This case, like others dealt with by this Court, *see, Adkins v. General Motors Corp.*, 573 F.Supp. 1188; *Association of Frigidaire Model Makers v. General Motors Corp.*, 573 F.Supp. 236, is the result of the layoff of numerous employees from General Motors Corporation (GMC) plants in the Dayton, Ohio, area. Plaintiffs in this lawsuit, filed on April 1, 1983, allege that Defendants GMC, the International Union of Electrical, Radio and Machine Workers, its Local 801, and the I.U.E./G.M. Conference Board, violated § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185 (breach of contract), and the duty of fair representation implied by federal labor law. Defendants have moved for summary judgment, pursuant to Fed.R.Civ.P. 56, principally on statute of limitations grounds. For the following reasons, the Court sustains the pending motions.

I.

The relevant facts, material to the pending motions, do not appear to be in dispute. In the spring of 1982, Defendants were negotiating new collective bargaining agreements, to replace agreements due to expire in September of that year. In 1979 and 1980, GMC had sold its Frigidaire Division, and converted its Frigidaire facilities in the Dayton area to Chevrolet truck assembly and diesel engine plants. As a result of this conversion, numerous GMC employees from the defunct Frigidaire and Delco Divisions were laid off, subject to recall. (Some of these employees would later file suit in the *Model Makers* and *Adkins* cases.) The 1979 agreements contained provisions concerning the recall rights of these laid-off employees. The 1979 National Agreement provided that certain laid-off employees, whose seniority had been broken, retained a right to be rehired for a period of 36 months from the date they were laid off. During the negotiations for the 1982 agreements, GMC proposed that these recall rights be extended from three to five years, but the unions rejected the proposal. The 1982 National Agreement, ratified by the union membership on April 15, 1982, and effective on April 18, 1982, did not extend the three year recall period.

One of the Plaintiffs in this case, Lillie Henry, filed an unfair labor practice charge with the National Labor Relations Board (NLRB) on October 19, 1982. She contended that Local 801 committed unfair labor practices by rejecting the GMC recall proposal in April of 1982, by improperly conducting ratification of the National Agreement in that month, and by certain negotiations of the Local Agreement in July of 1982 (when a similar recall proposal was withdrawn by Local 801). The NLRB dismissed the complaint on November 10, 1982, less than one month following its filing.

As noted above, Plaintiffs filed this "hybrid" § 301/breach of duty of fair representation lawsuit on April 1, 1983. In the complaint, Plaintiffs spell out the aforementioned sequence of negotiations. Though not expressly alleged, the presumed conclusion of the complaint is that the Defendant Unions violated their duty of fair representation, and that GMC, in

effect, breached one or more of the 1979 or 1982 collective bargaining agreements.

Defendants have filed motions for summary judgment, primarily on statute of limitations grounds, relying on *DelCostello v. International Brotherhood of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and this Court's decisions in the *Adkins* and *Model Makers* litigation.

## II.

In *DelCostello*, the Supreme Court recently held that the six month statute of limitations found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), should govern hybrid § 301/breach of fair representation lawsuits, and should be applied against both employer and union defendants in such suits. 103 S.Ct. at 2285. In *Adkins v. General Motors Corp.*, 573 F.Supp. 1188 (S.D. Ohio 1982), *appeal and cross-appeal docketed after final judgment entry*, Nos. 83–3392. 83–3416 (6th Cir. June 14, 1983), this Court reached the same conclusions, in a pre-*DelCostello* decision.

Plaintiffs do not dispute that *DelCostello* applies to this lawsuit,[1] and they have not suggested an alternative statute of limitations. Instead, they argue that application of a six-month statute of limitations does not bar their lawsuit, based on three rationales: (1) the filing of a complaint with the NLRB tolled any running of the statute of limitations; (2) their causes of action would only accrue "at the time each individual

Plaintiff [was] not recalled to a position at Chevrolet within the extended five (5) year contract period," Plaintiffs' Memorandum Contra, Doc. # 9, p. 5; and (3) Defendants' actions constitute "continuing violations," thus negating any reliance on a statute of limitations. The Court cannot agree with any of these rationales.

■ Plaintiffs initially argue that the filing with the NLRB tolls any running of a limitations period for a LMRA § 301 action. This Court recently rejected that position. In *Association of Frigidaire Model Makers v. General Motors Corp.*, 573 F.Supp. 236, 239 (S.D. Ohio 1983), this Court held that the independence of a LMRA § 301 action from any NLRB proceedings undermines any argument that the latter should toll the former.[2] Moreover, even if Plaintiffs' argument is accepted,[3] the tolling only lasts for the period of the NLRB proceeding. *Id.* at p. ——. Here, Plaintiffs' actions accrued, at the latest, in April or July of 1982 (*see*, discussion, *infra*), and the less than one month tolling of the NLRB proceeding *still* makes the filing of the instant case exceed the six month statute of limitations.

■ Plaintiffs next argue that their causes of action can only accrue (and start the running of the limitations period) when they were "damaged," that is, when not recalled during the two year extension, if it had been adopted. That argument might be relevant to a measure of damages; it

---

1. Plaintiffs have not argued that *DelCostello* should not be applied retroactively, i.e., to all "hybrid" § 301 lawsuits pending on the date of the decision (June 8, 1983), and thus have waived reliance on that issue. *See, Lamore v. Inland Division*, 550 F.Supp. 1005, 1013 n. 9 (S.D. Ohio 1982), *aff'd without published opinion*, 714 F.2d 140 (6th Cir.1983). In any event, this Court has held (in *Adkins, supra*), that pre-*DelCostello* case law justifies use of § 10(b) as a limitations period, in factual circumstances similar to the instant case. Moreover, this Court has expressly held, *McPeek v. Dayton Forging and Heat Treating Co.*, 574 F.Supp. 300 (S.D. Ohio 1983), and other courts have implicitly held, *e.g.*, *Curtis v. Teamsters Local 299*, 716 F.2d 360 (6th Cir.1983) (per curiam); *Storck v. Teamsters Local Union No. 600*, 712 F.2d 1194

(7th Cir.1983) (per curiam); *Hand v. International Chemical Workers Union*, 712 F.2d 1350 (11th Cir.1983) (per curiam), that *DelCostello* should be applied retroactively.

2. This Court distinguished *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030 (9th Cir.1983), a "straight-forward" § 301 action which appeared to take a contrary position.

3. As Defendants point out, even accepting Plaintiffs' argument in toto would save Ms. Henry's lawsuit only, since only she filed with the NLRB. While Plaintiffs' lawsuit partakes of a class action, it is not filed as such, and Plaintiffs cite no authority to suggest that Ms. Henry's action would inure to the benefit of *all* the Plaintiffs.

misstates, however, the proper test for the accrual of a "hybrid" § 301 action.

This Court has observed that a "hybrid" § 301 action accrues no later than the time when a Plaintiff "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred, even if some possibility of nonjudicial enforcement remained." *Dowty v. Pioneer Rural Electric Cooperative, Inc.*, 573 F.Supp. 155 at 158 (S.D. Ohio 1983) *appeal docketed*, No. 83–3621 (6th Cir. Sept. 22, 1983); *Rose v. General Motors Corp.*, 573 F.Supp. 747, 752 (S.D. Ohio 1983) (both cases quoting *Santos v. District Council of New York City*, 619 F.2d 963, 969 (2d Cir.1980)).

Applying this test to the undisputed facts in this case indicates that the action accrued in April or July of 1982. Those were the dates that the National and Local Agreements between the unions and GMC were ratified and went into effect. As outlined above, those agreements failed to include the two year extension of recall rights involved in the negotiations which were ultimately rejected by the Defendant Unions. Plaintiffs realized, or should have realized, that their (alleged) job recall rights had been impaired by the actions of Defendants (the gravamen of their LMRA case) during the negotiation and ultimate ratification of the National and Local Agreements. In *Adkins, supra*, 573 F.Supp. at 1192–93, this Court reached a similar conclusion under very similar factual circumstances. Accordingly, Plaintiffs' action accrued, at the latest, by July of 1982.

■ Finally, Plaintiffs argue that Defendants' actions constitute a "continuing" violation, meaning that "the statute of limitations [should] run only from the last act which would be the failure to recall within the five (5) year extended contract period." Plaintiffs' Memorandum Contra, Doc. # 9, p. 5. No "continuing" violation can be premised on the facts of this case. In *Adkins, supra*, at 1193–94, this Court considered and rejected a similar argument made in similar factual circumstances.

> Plaintiffs were damaged, at the latest, . . . when they realized (or should have realized) that their job recall rights had been impaired. No further acts by the unions or company defendants are necessary to further complete or amplify such damages. Once the original damage is lodged, the mere fact that the Defendants are "continuing" to implement allegedly improper collective bargaining agreements does not convert Plaintiffs' loss of jobs into a "continuing violation." . . . An accrual date can be fixed in this case, and the union's wrong cannot be said to continue indefinitely.

*Id.* at 1193 (citations omitted). This Court went on to hold that certain NLRB cases construing § 10(b) did not compel a different result. *Id.* at 1193–94. *Accord, Metz v. Tootsie Roll Industries*, 715 F.2d 299, 114 L.R.R.M. 2340, 2345–46 (7th Cir. 1983) (employing similar reasoning to reject "continuing violation" argument in a "hybrid" § 301 suit).

For all of these reasons, the Court holds that Plaintiffs' action accrued, at the latest, in July of 1982, and that the present lawsuit, filed more than six months after that date, is barred by the applicable statute of limitations.[4]

---

4. GMC also argues that Plaintiffs' action is further deficient in that no breach of contract occurred, since "plaintiffs never had the recall rights they now seek." GMC's Motion for Summary Judgment, Doc. # 8, p. 6. GMC's position is not entirely without force, especially given the failure of Plaintiffs' complaint to specifically allege any unlawful conduct on the part of GMC. *See also, NDK Corp. v. United Food & Commercial Workers Local 1550*, 709 F.2d 491 (7th Cir.1983) (per curiam) (only breach, not validity, of collective bargaining agreements can be litigated under LMRA § 301). While not specifically advanced by Plaintiffs, the answer to GMC's point would appear to be that had not the unions breached their duty of fair representation, the current National and Local agreements would contain five-year recall provisions which GMC is now, in effect, breaching. *See, Adkins v. General Motors Corp.*, 556 F.Supp. 452, 455 (S.D. Ohio 1983).

The Court need not decide this point, given the dispositive nature of the statute of limitations arguments. However, even if GMC was correct, Plaintiffs' suit, while currently styled as

### III.

Based on the foregoing reasons, the Court sustains the pending motions for summary judgment. However, the Rule 56 materials attached to the motions do not appear to be verified, as required by Rule 56(e). Defendants should comply with Rule 56(e) by filing affidavits or other necessary materials within ten days after receipt of this entry. Judgment will be entered in favor of Defendants and against the Plaintiffs once those materials are received by the Court.

a "hybrid" § 301/duty of fair representation case, could presumably go forward on only the latter ground. *E.g., Newton v. Electrical Workers Local 801,* 507 F.Supp. 439 (S.D.Ohio 1980), *aff'd,* 684 F.2d 401 (6th Cir.1982). But even *that* suit would likely be governed by the six month limitations period of § 10(b). *DelCostello,* 103 S.Ct. at 2287 n. 12.