**Ted KATSAROS, on his own behalf and on behalf of all persons similarly situated, Plaintiff,**

v.

**TRANSIT–MIX CONCRETE CORPORATION and Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

**No. 81 Civ. 5230 (JES).**

United States District Court, S.D. New York.

May 21, 1984.

Hall, Clifton & Schwartz, New York City, for plaintiff; Daniel E. Clifton, New York City, of counsel.

Altieri, Kushner & Miuccio, New York City, for defendant Transit-Mix; Robert F. Meehan, New York City, of counsel.

O'Connor & Mangan, P.C., Long Island City, N.Y., for defendant Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; J. Warren Mangan, Long Island City, N.Y., of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Plaintiff Ted Katsaros [1] brought this action against his employer Transit-Mix Concrete Corporation ("Transit-Mix") for breach of its collective bargaining agreement, and against Local 282 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union") for breach of its duty of fair representation.

---

1. Because the Court is dismissing the complaint in part, plaintiff's motion for class certification, filed but not fully submitted to the Court, is denied as moot, without prejudice to renewing that motion with respect to the amended complaint.

Plaintiff was employed by Colonial Sand and Stone Co., Inc. ("Colonial").[2] In 1976, Transit-Mix purchased most of the assets of Colonial. In accordance with the collective bargaining agreement, the former Colonial employees, including plaintiff, were placed at the bottom of the Transit-Mix seniority list, and informed by Union and management representatives that while they would not all immediately be put back to work, they would be notified in accordance with the seniority list when work was available. Plaintiff was never notified of any available work.

On February 19, 1980, plaintiff wrote to Transit-Mix inquiring about his status on the seniority list. In response, he received a letter on March 13, 1980 informing him that Transit-Mix was bound by an arbitration award of June 27, 1979 regarding seniority status of former Colonial employees. According to plaintiff, he had never been informed of the arbitration, the award, or its effect on his seniority status by either Transit-Mix or the Union, which had arbitrated the seniority issue with Transit-Mix.

On April 13, 1980, plaintiff wrote to Transit-Mix and to the Union requesting a copy of the award. He received a letter from the Union dated April 24, 1980 stating that he could examine the award at the Union's offices, but could not be furnished a copy of the award. Plaintiff read the award at the Union's office in May, 1980, but was not permitted to make a copy or to take notes regarding the award as he read it. He ultimately received a copy of the award from the National Labor Relations Board in March, 1981 pursuant to a request under the Freedom of Information Act, 5 U.S.C. § 552 (1982).

The instant action was commenced on August 21, 1981.[3] The Union has moved for summary judgment, and plaintiff has moved to reinstate his first claim against Transit-Mix, which was dismissed by Order dated April 14, 1983.

### 1. The Union's Motion

The complaint alleges that the Union breached its duty of fair representation because: (1) the Union failed to object to violations by Transit-Mix of the procedures which were established in 1976 for notifying persons on the seniority list of available work, and instead agreed to arbitrate the issue of seniority status, see Complaint at ¶¶ 15, 17, 19;[4] and (2) the Union failed to notify plaintiff of the June 27, 1979 arbitration award, see Complaint at ¶ 24. The Union contends that all claims against it are time-barred.

The parties agree that the six month statute of limitations prescribed by the Supreme Court in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), applies to this action. Therefore, the only issue raised by the Union's motion is when plaintiff's claims against the Union accrued.

■■■ Plaintiff's claims accrued when plaintiff knew or reasonably should have known of the alleged breach by the Union of its duty of fair representation. Santos v. District Council of New York City, 619 F.2d 963, 969 (2d Cir.1980). The Court rejects plaintiff's argument that he could not reasonably have known of all of the breaches alleged in the complaint until he received a copy of the award. The first claim against the Union states that it was a

**2.** The following discussion of the facts is derived from plaintiff's Memorandum in Opposition to Defendant Local 282's Motion for Summary Judgment and in Support of Plaintiff's Motion to Reinstate the First Cause of Action Against Defendant Transit-Mix at 2–5.

**3.** On June 11, 1980 plaintiff filed a charge before the National Labor Relations Board, claiming that Transit-Mix had engaged in unfair labor practices with respect to the seniority of former

Colonial employees. The ultimate outcome of this proceeding is not clear.

**4.** The first claim of the complaint also alleges that Transit-Mix breached the collective bargaining agreement by failing to adhere to the original seniority lists and by failing to notify plaintiff of available work in accordance with those seniority lists. Complaint ¶ 14. See section 2, infra.

breach of the duty of fair representation for the Union to agree to arbitrate the issue of seniority status of former Colonial employees. Plaintiff actually knew of this breach as soon as he found out that the arbitration had taken place, and at the latest when he read the arbitration award in May of 1980 at the Union's offices. Because this was more than six months before the instant action was commenced, the first claim is barred by the statute of limitations.

The second claim, based on failure to notify plaintiff of the arbitration award, is barred for the same reason. Plaintiff knew all the facts with respect to this claim once he knew of and read the arbitration award. Therefore, the second claim of the complaint must also be dismissed.

█ Counsel for plaintiff also argues that the Union may well have breached its duty of fair representation because of the manner in which it conducted itself at the arbitration. Since it is not entirely clear that the plaintiff would have been in a position to assess the validity of this claim until he received a copy of the award and was able to discuss the substance of that award with an attorney, that claim may not be time-barred. Therefore plaintiff is granted leave to file an amended complaint setting forth that claim.

### 2. *Plaintiff's Cross-Motion*

Plaintiff has moved to reinstate his first claim against Transit-Mix. Transit-Mix had previously moved for summary judgment on all of plaintiff's claims against it, alleging that those claims were time-barred. The Court borrowed New York's ninety-day statute of limitations applicable to actions to vacate an arbitration award, in accordance with *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and dismissed the first claim of plaintiff's complaint as to Transit-Mix. *See* Order (April 14, 1983).[5]

Since that time, the Supreme Court decided *DelCostello.*

█ The first claim of the complaint alleges a hybrid claim against Transit-Mix for breach of the collective bargaining agreement pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1982), and against the Union for breach of its duty of fair representation, because Transit-Mix allegedly violated seniority status and notification procedures, the Union failed to object to this, and the Union agreed to arbitrate these issues. The Supreme Court held in *DelCostello, supra,* 103 S.Ct. at 2285, 2294, that in such hybrid actions, a six month statute of limitations applies to the claims against both the Union and the employer.

As discussed above, *see* page 3, *supra,* the statute of limitations begins to run when plaintiff knew or should have known of the Union's breach. *See Santos, supra,* 619 F.2d at 969. *Accord Former Frigidaire Employees Association v. International Union of Electrical, Radio and Machine Workers,* 573 F.Supp. 59, 62 (S.D. Ohio 1983) (citing *Santos* and applying to hybrid action). For the reasons set forth above with respect to the Union, the first claim is time-barred as to Transit-Mix as well, *see* section 1, *supra.* Plaintiff's motion must therefore be denied.

It is SO ORDERED and, it is further

ORDERED that the parties shall appear for a Pre-Trial Conference on July 6, 1984 at 12:30 P.M. to discuss any and all issues arising out of or relating to plaintiff's amended complaint.

---

**5.** The Court refused to dismiss the third claim of plaintiff's complaint against Transit-Mix, because it presented issues of material fact which could not be disposed of on a motion for summary judgment. *See* Transcript of Proceedings (April 12, 1983).