**Ted KATSAROS, on his own behalf and on behalf of all persons similarly situated, Plaintiff,**

**v.**

**TRANSIT–MIX CONCRETE CORPORATION and Local 282, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

**No. 81 Civ. 5230 (JES).**

United States District Court, S.D. New York.

Aug. 14, 1985.

Hall, Clifton & Schwartz, New York City, for plaintiff; Daniel E. Clifton, New York City, of counsel.

Altieri, Kushner & Miuccio, New York City, for defendant Transit-Mix; Robert F. Meehan, New York City, of counsel.

O'Connor & Mangan, P.C., Long Island City, N.Y., for defendant Local 282, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America; J. Warren Mangan, Long Island City, N.Y., of counsel.

---

## OPINION & ORDER

SPRIZZO, District Judge:

Plaintiff Ted Katsaros brings this action against his employer Transit-Mix Concrete Corporation ("Transit Mix") for breach of its collective bargaining agreement in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and against Local 282 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("the Union") for breach of its duty of fair representation.

The facts of the case are set forth in this Court's previous Opinion and Order, see *Katsaros v. Transit-Mix Concrete Corp.*, 585 F.Supp. 576 (S.D.N.Y.1984), and will not be repeated herein except as necessary to resolve the instant motion. By that Order, the Court dismissed the first and second claims of plaintiff's complaint as time-barred, and granted leave to file an amended pleading. Plaintiff did so, and upon defendants' motion, and after an evidentiary hearing, the Court dismissed the first and second claims of the amended complaint as time-barred. Plaintiff now moves for reargument of that dismissal.

Plaintiff was employed by Colonial Sand and Stone Co. ("Colonial") in 1976 when most of Colonial's assets were purchased by Transit-Mix. Pursuant to the relevant collective bargaining agreement, Colonial employees like plaintiff who were not immediately given work with Transit-Mix were placed at the end of the Transit-Mix seniority list, and were advised by the Union and by Transit-Mix that they would be notified of available work when their name reached the top of the list. Plaintiff was never notified of any available work, although he alleges others who were listed after him on the seniority list were given work. He commenced this action on August 21, 1981.

■ The claims at issue herein relate to the alleged failure of Transit-Mix to hire in accordance with the seniority list, and the allegedly inadequate representation by the Union at an arbitration held with respect to hiring from the seniority list.[1] The Court dismissed these claims as barred by the six-month statute of limitations applicable to such actions pursuant to *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983), because the Court found that plaintiff's claims accrued, at the very latest, when plaintiff filed charges with the National Labor Relations Board ("NLRB") in June 1980 and the present action was filed more than a year later in August 1981. Since the NLRB charges were essentially similar to those upon which this action is based,[2] it is clear that as of June 1980, plaintiff knew or reasonably should have known of all the facts which are the factual predicate for his present action. Therefore, the instant action is untimely. *See, e.g., Santos v. District Council of New York City*, 619 F.2d 963, 969 (2d Cir.1980); *Former Frigidaire Employees Association v. International Union of Electrical, Radio and Machine Workers*, 573 F.Supp. 59, 62 (S.D.Ohio 1983).

Plaintiff now contends that the statute of limitations should have been tolled during the pendency of the NLRB proceedings, because those proceedings raised the same

---

1. Plaintiff also complains of the Union's failure to notify him that this arbitration was taking place, and failure to notify him of the arbitrator's award. As the Court ruled in its previous Opinion and Order, these claims are time-barred. *See Katsaros, supra*, 585 F.Supp. at 578–79.

2. Plaintiff's charges to the NLRB alleged that Transit-Mix and the Union "contrived a fraudulent arbitration proceeding and decision" and kept knowledge of both from plaintiff and other former Colonial employees. *See* Memorandum in Support of Plaintiff's Motion for Reargument, Appendix A. Plaintiff testified at the evidentiary hearing held before this Court that the bases for his NLRB charges were the Union's faulty representation at the arbitration and the fact that plaintiff suspected collusion between the Union and Transit-Mix. *See* Transcript of September 5, 1984 Hearing ("Tr.") at 18–21, 23–24, 71. Plaintiff stated that he had discussed these things with his attorney at the time of filing the charges. *See id.* at 17, 27–28, 43, 75.

issues that plaintiff complains of here. Plaintiff argues that the NLRB proceedings placed defendants on notice of his claims, and therefore under the rationale of *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), and *Retail Clerks Union Local 648, AFL–CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030 (9th Cir.1983), the limitations period should be tolled.

The Court rejects this argument. The cases relied upon by plaintiff are factually and legally distinguishable. In *Burnett*, the plaintiff commenced a judicial action under the Federal Employers' Liability Act in state court. The defendants were served in the state action. The state court dismissed the complaint for improper venue, whereupon plaintiff promptly brought an identical action in federal court. Under those circumstances, the Supreme Court held it was consistent with congressional intent to toll the federal statute of limitations during the pendency of the state action. *See* 380 U.S. at 427–28, 85 S.Ct. at 1054. The Court noted that "the filing of a lawsuit 'itself shows the proper diligence on the part of the plaintiff which ... statutes of limitation were intended to insure.'" *Id.* at 430, 85 S.Ct. at 1056 (quot-

ing *Goldlawr Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962)).[3]

*American Pipe* also involved a tolling of the statute of limitations during the pendency of a previous judicial action. In that case, a class action was timely commenced which encompassed plaintiffs' claims. The trial judge subsequently ruled that the action could not be maintained as a class action because, although the other requirements of Fed.R.Civ.P. 23 were satisfied, the plaintiff class was not so numerous as to make joinder impracticable. Eight days later, more than sixty parties who had been putative members of the original class moved to intervene as plaintiffs. The Court held that the purported class members had originally "stood as parties to the suit," *see* 414 U.S. at 550–51, 94 S.Ct. at 765, and that "the commencement of the action satisfied the purpose of the limitation provision as to all those who might subsequently participate in the suit as well as for the named plaintiffs." *Id.* at 551, 94 S.Ct. at 765.[4]

Finally, *Retail Sales* is also inapplicable. That case did not involve a hybrid section 301/fair representation claim, but only sought relief pursuant to section 301. Therefore, state law governed the limitations and tolling provisions. As the Supreme Court noted in *DelCostello*, cases which apply state law do not apply here,

3. The Court also noted that given the fact that under other similar circumstances FELA actions commenced in improper venues tolled the limitations period, failure to toll the statute of limitations in this case would result in a non-uniform limitation period, and that this would violate the purposes behind a federal limitations provision. *See* 380 U.S. at 430–32, 85 S.Ct. at 1055–56.

4. The Court noted that:

no different a standard should apply to those members of the class who did not rely upon the commencement of the class action (or who were even unaware that such a suit existed) and thus cannot claim that they refrained from bringing timely motions for individual intervention or joinder because of a belief that their interests would be represented in the class suit. Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to

the order that the suit shall or shall not proceed as a class action. During the pendency of the District Court's determination in this regard, which is to be made 'as soon as practicable after the commencement of an action,' potential class members are mere passive beneficiaries of the action brought in their behalf. Not until the existence and limits of the class have been established and notice of membership has been sent does a class member have any duty to take note of the suit or to the exercise any responsibility with respect to it in order to profit from the eventual outcome of the case. It follows that even as to asserted class members who were unaware of the proceedings brought in their interest or who demonstrably did not rely on the institution of those proceedings, the later running of the applicable statute of limitations does not bar participation in the class action and in its ultimate judgment.

414 U.S. at 551–52, 94 S.Ct. at 765 (footnote omitted).

*see* 462 U.S. at 162–63, 165, 103 S.Ct. at 2289, 2291, (distinguishing *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966)), because federal law governs limitations in hybrid actions. *See id.*, 462 U.S. at 162, 103 S.Ct. at 2289, *passim.*

In the instant case, plaintiff brought no judicial action prior to the commencement of this suit. The only previous proceeding was an investigatory action brought and prosecuted by the NLRB, which is very different from a lawsuit brought by plaintiff to protect plaintiff's rights. The fact that the NLRB charges contained similar allegations to those made in this action is insufficient in itself to toll the limitations period, and did not notify defendants that they would have to defend against similar charges in federal court after the NLRB proceedings were concluded.[5]

It follows that plaintiff's motion must be denied.

It is SO ORDERED.

---

**5.** Moreover, plaintiff testified that one of the reasons he decided not to commence any judicial action during the NLRB proceedings was the fact that he had no money to prosecute his own lawsuit, while his understanding was that an NLRB investigation would involve no cost to him. *See* Tr. at 26–28. While there is nothing wrong with making such a decision, it would not be consistent with the policy obligations served by statutes of limitations to allow a plaintiff to impose upon a defendant the consequences of that choice by extending the time in which a judicial action may be timely commenced. This is especially true since, as plaintiff testified, his decision to belatedly commence a judicial proceeding was in no way related to the NLRB proceedings.