08-6258-cv, 09-1030-cv
Rich v. Associated Brands, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
              ROGER J. MINER,
              RICHARD C. WESLEY,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

**MICHAEL N. RICH JR.**,

              <u>Plaintiff-Appellant</u>,

       -v.-                                        **08-6258-cv,**
                                                   **09-1030-cv**

**ASSOCIATED BRANDS, INC.**,

              <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**       Laura J. Tyson and Vanessa L.
                                   Brochin (Jon Romberg, <u>on the</u>
                                   <u>brief</u>), Seton Hall University
                                   School of Law, Center for Social
                                   Justice, Newark, NJ.

**APPEARING FOR APPELLEE:**        Joshua Feinstein (Adam W. Perry

and Benjamin K. Ahlstrom, <u>on the brief</u>), Hodgson Russ LLP, Buffalo, NY.

Appeals from a judgment and an order of the United States District Court for the Western District of New York (Skretny, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART, VACATED IN PART**, and **REMANDED** for further proceedings.

Plaintiff-appellant Michael N. Rich, Jr., appeals from a judgment and an order of the United States District Court for the Western District of New York (Skretny, <u>J.</u>). The district court granted the motion to dismiss filed by defendant-appellee Associated Brands, Inc. and denied Rich's motion for reconsideration of that dismissal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court dismissed Rich's claims as time-barred, observing that the alleged discrimination occurred between July 1, 2002 and July 9, 2004, and emphasizing that "the last possible discriminatory act occurred on July 9, 2004, the day [Rich] was terminated." Following <u>de novo</u> review, <u>see</u> <u>Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.</u>, 466 F.3d 232, 235 (2d Cir. 2006), we conclude that Rich's claims based on the alleged acts of discrimination that culminated in his July 9, 2004 termination were properly dismissed.[1] On one hand, if a contract exists, that contract includes a release and waiver provision

---

[1] Rich's <u>pro se</u> complaint indicates that this action was brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq. (the "ADA"); and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYSHRL"). Even assuming that Rich did not forfeit any Title VII claims, his claims do not sound in Title VII which protects against discrimination based on an "individual's race, color, religion, sex, or national origin," but not disability. <u>See</u> 42 U.S.C. § 2000e-2.

precluding Rich from raising these claims. On the other hand, if no contract exists, these claims are time-barred and are not saved by equitable estoppel.

Rich alleges that he timely filed a charge with the United States Equal Employment Opportunity Commission (the "EEOC") in August 2004; but (i) there is no documentary evidence in the record to support Rich's bare allegation;[2] (ii) Rich admitted that the EEOC failed to locate any record of such a charge; and (iii) even if Rich filed such a charge, he admitted that he called the EEOC to "inform[] them that all appears OK[], because Associated Brands is paying for our health insurance and other items," thereby effectively withdrawing any such charge. This allegation therefore is implausible. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

Rich's claims based on the alleged 2004 discrimination therefore are time-barred unless saved by the doctrine of equitable estoppel. See Kosakow v. New Rochelle Radiology Assocs., 274 F.3d 706, 725 (2d Cir. 2001) ("The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct."). Equitable "estoppel arises if (i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to his detriment." Kavowras v. The New York Times Co., 328 F.3d

---

[2] The only related document in the record is an August 26, 2004 letter addressed to Rich from the State of New York Department of Labor noting that Rich had filed for unemployment insurance and scheduling an orientation for him to attend. The letter includes Rich's handwritten notation: "Dir. Civil Rights, US Dept Labor, 200 Constitution Ave, Washington, DC 20210, cc: EEOC Fountain Plaza, Buffalo." Assuming that Rich sent a copy of this letter to the EEOC, that action falls far short of filing the requisite EEOC charge.

50, 56 (2d Cir. 2003) (internal quotation marks omitted). Accepting as true that in an August 2004 telephone conversation, John Mandabach assured Rich that he would receive the health insurance coverage, benefits, and consulting agreement that constituted the separation agreement as understood by Rich, we conclude that Rich did not reasonably rely on Mandabach's oral assurance.[3] Rich has conceded that even after Mandabach's alleged August oral assurance, he continued to seek a written version of the separation agreement containing the terms Rich demanded. These requests demonstrate an absence of reliance. Moreover, Associated Brands's refusal to provide such a document demonstrates that any such reliance was unreasonable.[4] Accordingly, we affirm the dismissal of Rich's claims based on the alleged 2004 acts of discrimination. These claims either were released under the purported contract or are time-barred in the absence of such a contract.

However, we largely vacate the dismissal of Rich's

---

[3] We also conclude that Rich did not reasonably rely on Mandabach's alleged oral assurance given at the July 6, 2004 meeting. After that meeting, Rich reviewed and rejected two iterations of the separation agreement provided by Associated Brands, both of which contained content contrary to Mandabach's alleged July oral assurance. We further conclude that Rich did not reasonably rely on Associated Brands's inaction following Rich's response to the final written version of the separation agreement provided by Associated Brands, in which Rich stated that if his modifications did "not comport with your understanding of our Agreement you must notify me within 3 days of this memo." Rich's response also required Associated Brands to undertake certain affirmative actions within that same three-day window, and there is no indication that Associated Brands undertook any such actions.

[4] Any state law claim of promissory estoppel also fails for lack of reasonable reliance. See Reprosystem, B.V. v. SCM Corp., 727 F.2d 257, 264 (2d Cir. 1984) (explaining that under New York law, a promissory estoppel claim requires the complainant to allege, inter alia, "a reasonable and foreseeable reliance by the party to whom the promise is made").

remaining claims.  Construed liberally, Rich's complaint states a claim for the discriminatory failure to hire him in 2007, after he informed Associated Brands personnel that he "would consider any jobs" that he was capable of performing within his "limitations."[5]  The district court determined that all of Rich's claims were untimely, reasoning that "the last possible discriminatory act occurred on July 9, 2004, the day [Rich] was terminated."  This reasoning indicates that the district court did not consider any claim arising out of Associated Brands's actions in 2007.  Accordingly, we vacate the district court's dismissal of Rich's claim of discriminatory failure to hire in 2007 and remand to the district court to consider this claim in the first instance.

Associated Brands contends that remand is unnecessary because Rich's claim is untimely under Delaware State College v. Ricks, 449 U.S. 250 (1980).  Such reliance is misplaced.  Ricks and its progeny require "explicit notice" of the future consequences of a discriminatory act on the date of the act.  Id. at 258 ("[T]he only alleged discrimination occurred--and the filing limitations periods therefore commenced--at the time the tenure decision was made and communicated to Ricks.  That is so even though one of the *effects* of the denial of tenure--the eventual loss of a teaching position--did not occur until later."); see also Smith v. United Parcel Serv. of Am., 65 F.3d 266, 268 (2d Cir. 1995) ("[T]he limitation period begins to run on the

---

[5] On appeal, Rich construes his complaint as asserting two additional claims arising out of Associated Brands's 2007 conduct.  First, Rich argues that Associated Brands, driven by discrimination, breached the contract.  This claim is implausible because it is undisputed that Associated Brands provided health insurance coverage from the date of Rich's termination in July 2004 through August 2007, a three-year interval in which Rich's disability existed and was known to Associated Brands.  Second, Rich argues that Associated Brands, driven by retaliatory animus, breached the contract.  This claim is implausible because Rich failed to allege that he undertook any action--such as complaining about discrimination to Associated Brands personnel or threatening to file a discrimination lawsuit--after summer 2004 that would have prompted Associated Brands to retaliate against Rich in 2007, after providing health insurance coverage for three years.

date when the employee receives a definite notice of the termination.  Moreover, for the notice to be effective, it must be made apparent to the employee that the notice states the official position of the employer." (internal quotation marks and citation omitted)).  The record indicates that at the time of his termination, Rich did not receive definite notice that the official position of Associated Brands was that Rich would not be rehired at any time in the future.  Moreover, Rich timely filed an EEOC charge in September 2007--within 300 days of the failure to hire in August 2007 --and timely commenced this lawsuit in September 2008-- within 90 days of receiving his June 27, 2008 right-to-sue letter.  It may well be that Associated Brands has a legitimate, non-discriminatory reason for allegedly failing to hire Rich in 2007 or that the purported contract bears on this claim; but we vacate the dismissal of the claim alleging discriminatory failure to hire in 2007, and remand for further consideration of these issues.

     Construed liberally, Rich's complaint also states a claim under New York state law for breach of contract.  The district court may have implicitly declined to exercise its supplemental jurisdiction to consider this claim in light of its dismissal of all federal law claims, but as set forth above, we are remanding this case for consideration of a federal law claim.  Accordingly, we vacate the dismissal of Rich's state law breach of contract claim and remand for further consideration of this claim and the possibility of diversity jurisdiction.

     We hereby **AFFIRM** the district court's dismissal of Rich's claims based on the alleged acts of discrimination that culminated in his July 9, 2004 termination.  However, we hereby **VACATE** and **REMAND** for further consideration of Rich's ADA and NYSHRL claim based on the discriminatory failure to hire Rich in 2007 and the state law claim of breach of contract.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK