12-4850-cv
Rich v. Associated Brands Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand fourteen.

PRESENT: DENNIS JACOBS,
        ROSEMARY S. POOLER,
                <u>Circuit Judges</u>,
        CHRISTINA REISS,
                <u>District Judge</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X

MICHAEL N. RICH, JR.,

    <u>Plaintiff-Appellant</u>,

    -v.-                            No. 12-4850-cv

ASSOCIATED BRANDS INC.,

    <u>Intervenor-Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

<sup>*</sup> Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

**FOR APPELLANT:**      TIMOTHY WILLIAM HOOVER (Myriah V. Jaworski, on the brief), Phillips Lytle LLP, Buffalo, NY.

**FOR APPELLEE:**      JOSHUA ISAAC FEINSTEIN, Hodgson Russ LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael N. Rich., Jr. appeals a judgment dismissing his claims against Associated Brands Inc. ("ABI") for discriminatory failure to hire and breach of contract. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See Wrobel v. Cnty. of Erie, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

1.   Discriminatory Failure to Hire. "The disposition of employment discrimination actions is governed by standards of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 802–05 (1973)." Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 87 (2d Cir. 1996). To meet his initial burden of establishing a prima facie case of discrimination, Rich must demonstrate that: "(1) []he is a member of a protected class; (2) []he *applied and was qualified for a job for which the employer was seeking applicants*; (3) []he suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (emphasis added).

2

Though Rich stated that he applied for positions with ABI three times between 2006 and 2008, he could not identify any such position specifically. He may have expressed interest in "any job" or any "future positions that were open," J.A. 737-38, but there is no evidence in the record that he "applied and was qualified for a job for which the employer was seeking applicants," an element of a prima facie case, see Williams, 368 F.3d at 126.

Rich urges us to consider the applicability of an exception to the "specific job" requirement in the failure to promote context. See Mauro v. S. New England Telecomm., Inc., 208 F.3d 384, 387 (2d Cir. 2000) (per curiam). However, this particular exception is "narrow." Petrosino v. Bell Atl., 385 F.3d 210, 227 (2d Cir. 2004). The "specific job" requirement

> ensures that the fact finder is not left to speculate as to the qualifications of the competing candidates, the damages to be derived from the salary of unknown jobs, the availability of alternative positions, the plaintiff's willingness to serve in them (e.g., in other locales or on other shifts), etc. The requirement also protects employers from the unfair burden of having to keep track of all employees who have generally expressed an interest in promotion and to consider each of them for any opening for which they are qualified but did not specifically apply.

Id. (internal quotation marks and brackets omitted).

An exception to the "specific job" requirement may or may not apply in the context of a failure to hire; but Rich has advanced no evidence that he was actually qualified for any available position. Almost all of Rich's professional experience since the late 1980s has been as a cost accountant. But, as the record shows, the employer never took applications for (or filled) Rich's vacated cost accountant position, and most of the accounting functions previously performed at his plant were transferred to corporate headquarters in Toronto in 2007. Mary Lou Rue, the former ABI Human Resources Administrator, explained:

3

ABI did not have any vacancies at its Medina plant from January 2006 until . . . January 2009 for which Rich's background as a cost accountant would have qualified him. During this period, the majority of vacancies at ABI's Medina facility were for production line or maintenance workers. None of the limited openings for salaried employees were for cost accountants or comparable positions.

J.A. 266.

Rich's other professional experiences were limited and long removed from his most recent ABI employment. His physical impairments significantly limited his options, since, as Rich told the Social Security Administration, he was unable to perform *any* work, including cost accounting specifically. That fact may not be determinative, see Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 807 (1999), but "an ADA plaintiff cannot simply ignore" a successful claim of disability without explanation, id. at 798. The record confirms that Rich has raised no genuine dispute of material fact as to whether an available ABI position existed for which Rich was qualified.

2. Breach of Contract. The district court was alert to the tension between Rich's earlier factual contentions and his recent and highly fortuitous "discovery" of a written agreement that provided Rich everything he wanted.

Rich alleged in his original complaint that ABI never gave him a "signed benefits and consulting agreement as *verbally discussed* and agreed to." Rich v. Associated Brands, Inc., No. 08-CV-666S, 2012 WL 5499501, at *3 (W.D.N.Y. Nov. 12, 2012). And on the first appeal to this Court, Rich referred only to an oral consulting agreement. See id.; see also Rich v. Associated Brands, Inc., 379 F. App'x 78, 81 (2d Cir. 2001) (summary order). At no time did Rich suggest that there was a fully executed written separation agreement providing him the desired benefits.

The agreement itself is of dubious authenticity. The title ("Original Separation Agreement") suggests knowledge of future agreements not yet existing, the only copies are

4

unsigned, ABI has no record of a signed version, and the agreement contemplates lifetime employment at almost treble Rich's last salary.  Moreover, when Rich's benefits ended in August 2007, his letter to ABI referred only to the July 2004 written agreement, which was also the only one Rich discussed with the Social Security Administration.  Rich's explanation, that he forgot about the "Original Separation Agreement" (and recalled it after finding an unsigned copy among old newspapers years later) cannot create a genuine issue of material fact.  See Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 106 (2d Cir. 2011) (per curiam).

Nor could any alleged oral understanding support a breach of contract claim.  Rich avers that an agreement provides for six years of medical benefits and a consultancy arrangement beginning 28 months after signing.  New York's Statute of Frauds, however, voids oral contracts incapable of being performed in a year.  N.Y. Gen. Oblig. Law § 5-701(a)(1).

3.  Docketing.  Rich argues that the district court clerk erroneously failed to docket Rich's amended complaint after Rich was granted leave to amend.  Western District Local Rule of Civil Procedure 15(c) provides that, "[i]f the moving party is proceeding pro se, the Clerk of Court will file the amended pleading upon granting of the motion."  But the district court appointed counsel for Rich *the very same day* it granted him leave to amend his complaint, so there was no violation.  Rich's counsel could simply have filed the amended complaint or alerted the district court to any purported error, and the issue was never raised to the district court during summary judgment proceedings.  See Island Software and Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 262 (2d Cir. 2005) ("We have previously held that objections and arguments not advanced during the summary judgment hearing need not be addressed on appeal.").

Even if there were some technical docketing error, Rich suffered no possible prejudice.  The new allegations in the amended complaint are about the newly discovered "Original Separation Agreement," which was discussed at length in both parties' summary judgment submissions and which the district court explicitly considered in its decision.  And to the extent Rich argues that amendment would have wiped the slate

5

clean on contradictory statements in earlier pleadings, he is incorrect.  See Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 707 (2d Cir. 1989) ("The amendment of a pleading does not make it any the less an admission of the party.").

We have considered all of Rich's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK