**Theodore KAVOWRAS, Plaintiff–Appellant,**

v.

**THE NEW YORK TIMES CO. and NEWSPAPER & MAIL DELIVERERS' UNION, Defendants–Appellees.**

Docket No. 00–9517.

United States Court of Appeals, Second Circuit.

Argued: Jan. 11, 2002.

Decided: May 1, 2003.

Laura Schnell, Eisenberg & Schnell LLP, New York, NY (Wendy E. Sloan, Hall & Sloan, New York, NY, on the brief), for Appellant.

Bernard M. Plum (John F. Fullerton III, Michael R. Marra, on the brief), Proskauer Rose LLP, New York, NY, for Appellee The New York Times Company.

J. Warren Mangan, O'Connor & Mangan, P.C., Long Island City, NY, for Appellee Newspaper and Mail Deliverers' Union.

Before: WALKER, Chief Judge, LEVAL and SOTOMAYOR, Circuit Judges.

LEVAL, Circuit Judge.

Plaintiff Theodore Kavowras, an employee of defendant The New York Times Company ("the Times") and a member of defendant Newspaper and Mail Deliverers' Union ("the Union"), appeals from the judgment of the United States District Court for the Southern District of New York (Baer, *J.*) dismissing his claims. The complaint alleged under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, that the Times engaged in an unfair labor practice by reassigning him to an undesirable position, in violation of its collective bargaining agreement with the Un-ion, and that the Union breached its duty to represent him fairly during arbitrations of the grievance, which occurred in January 1998 and February 2000. The district court dismissed the federal claims under Fed.R.Civ.P. 12(b)(6) for failure to file state a claim by reason of untimeliness. Upon dismissing the federal claims, the court declined to exercise supplemental jurisdiction over Kavowras's claims under the laws of New York State and the City of New York.

We find that if the allegations in the amended complaint are accepted as true and are read in the manner most favorable to the plaintiff, as the law requires at this stage, they assert a breach of the Union's duty of fair representation at the February 2000 arbitration, which occurred less than six months prior to the filing of the complaint, and are not time barred. We therefore vacate the judgment of dismissal insofar as the complaint relates to the February 2000 arbitration. On the other hand, we find that Kavowras's claim that the Union breached its duty of fair representation at the January 1998 arbitration is time-barred; we affirm the court's dismissal of this claim. Because the court continues to have jurisdiction over a federal claim and may exercise supplemental jurisdiction under 28 U.S.C. § 1367, we vacate the dismissal of the claims under city and state law.

**BACKGROUND**

The facts asserted in the amended complaint ("the complaint"), read in the manner most favorable to the plaintiff, are as follows: Under a collective bargaining agreement ("CBA") between the Times and the Union, Kavowras bid for a route, known as "Publishers Rolls," delivering complimentary subscriptions of the morning *Times* to certain New York City and

Times officials. This route was considered a highly desirable assignment. Based on his seniority, Kavowras was awarded the position; the terms of his employment were set out in a formal agreement, entered into in 1991. Such an order of assignment was known as a Four Man Board Award.

From January to October 1997, Kavowras was on disability leave. According to his complaint, while he was on leave, the Times abolished his route and subcontracted it to a non-union shop, in violation of the CBA. When he returned to work in October, he was assigned to a more onerous, and less well-paid, position. He sent several letters to the Union claiming that the reassignment violated the Award and requesting that the Union pursue a grievance on his behalf under the terms of the CBA.

On January 16, 1998, his claim against the Times was heard in arbitration. The proceeding concluded with a tentative settlement to alter his assignment. The complaint asserts that the arbitration was "a sham" designed to "coerce and intimidate [Kavowras] to surrender" the Four Man Board Award. Am. Compl. ¶ 79. It alleges that the Union failed to investigate his grievance adequately and to represent him properly, and that the Union colluded with the Times and the arbitrator to intimidate him into settling his grievance. The complaint further alleges that, although he tentatively agreed to the settlement, it was never reduced to writing, and never became binding.

Kavowras then sent a series of letters to the Union stating that he would not agree to the settlement and arguing that it had not become binding. He demanded that the Union renew his grievance before a different arbitrator. On July 10, 1998, Kavowras filed an unfair labor practice charge with the National Labor Relations Board ("NLRB"), alleging that the Union failed to represent him fairly. The NLRB notified Kavowras in February 1999 that it would not issue a complaint because there was "insufficient evidence" of a violation of the National Labor Relations Act.

On October 6, 1998, at a meeting of the Union's Executive Board, Kavowras renewed his demand that the Union assert a grievance to have the Publishers Rolls restored to him. The board acceded and ordered the Union to set up a second arbitration within thirty days. So far as revealed in the complaint, the Union did nothing further for a year and four months. On February 16, 2000, a second arbitration was conducted before the same arbitrator, who Kavowras alleges was biased against him. The complaint asserts that the Union failed to request the arbitrator's recusal, failed to offer evidence on Kavowras's behalf, and colluded with the Times and the arbitrator to coerce him to accept an unfavorable settlement. No award has ever been issued by the arbitrator.

On July 31, 2000, Kavowras filed this suit in the district court. The complaint alleged a hybrid federal claim against the Union and the Times under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, asserting that the Times engaged in an unfair labor practice and that the Union breached its duty of representing him fairly. The complaint further alleged that the Times discriminated against him based on his age, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107(1)(a); and the New York State Human Rights Law, N.Y. Exec. L. § 296(1)(a). On September 21, 2000, the Times moved to dismiss the suit as untimely. The Times argued that Kavowras knew or should have known of the Union's breach of duty at the time he filed his NLRB charge in July 1998, and

that the complaint was not filed until long after the six-month period allowed for such actions. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 155, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Santos v. Dist. Council,* 619 F.2d 963, 969 (2d Cir.1980).

The district court agreed with the Times's contentions. On November 2, 2000, it dismissed the hybrid federal claim for untimeliness and declined to exercise supplemental jurisdiction over the state law claims.

## DISCUSSION

We review the district court's dismissal *de novo,* accepting the complaint's allegations as true and drawing all inferences in favor of the plaintiff. *See Krimstock v. Kelly,* 306 F.3d 40, 47–48 (2d Cir.2002). When a plaintiff alleges a union's breach of its duty of fair representation, the "complaint[ ] should be construed to avoid dismissal[ ]." *Czosek v. O'Mara,* 397 U.S. 25, 27, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970) (internal citations and quotation marks omitted); *see also Eatz v. DME Unit of Local Union Number 3,* 794 F.2d 29, 34 (2d Cir.1986).

*Whether claims arising out of the February 2000 arbitration are time-barred*

Reading his complaint in accordance with the *Csozek* standard, we first find that Kavowras has alleged two discrete breaches by the Union of its duty of fair representation: He alleged it failed to represent him adequately at the January 1998 arbitration, and again at the February 2000 arbitration. The district court viewed his complaint as alleging a single breach of duty, of which Kavowras was aware in July 1998, when he filed his NLRB charge. Because the complaint was not filed within six months thereafter, the court found it untimely. In our view,

in this characterization, the district court failed to read the complaint in the light most favorable to Kavowras.

"A breach of the statutory duty of fair representation occurs ... when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Assuming it is true, as the complaint alleged, that the Union failed to represent Kavowras adequately at the second arbitration hearing conducted in February 2000 by failing to investigate his claim, failing to offer evidence on his behalf, and failing to request recusal of a biased arbitrator, *see* Am. Compl. ¶¶ 64–75, the complaint filed on July 31, 2000, within six months of the Union's breach, was timely. *See Demchik v. Gen. Motors Corp.,* 821 F.2d 102, 105–06 (2d Cir.1987) (finding that although employee's claim against union for failure to pursue grievance was time-barred, nonetheless employee's claim that union failed to file notice of appeal of the denial of the same grievance was timely); *Eatz,* 794 F.2d at 33–34 (reinstating complaint where plaintiffs alleged independent breaches of duty of fair representation occurring during the limitations period); *cf. Local Lodge No. 1424 v. NLRB,* 362 U.S. 411, 416–17, 80 S.Ct. 822, 4 L.Ed.2d 832 (1960) (finding that, with respect to unfair labor practices occurring outside of six-month limitations period, evidence of such practices could be admitted in administrative proceedings where "occurrences within the six-month limitations period in and of themselves may constitute, as a substantive matter, unfair labor practices"); *Haerum v. Air Line Pilots Ass'n,* 892 F.2d 216, 219 (2d Cir.1989) (same).

Accordingly, we vacate the dismissal under Rule 12(b)(6) of Kavowras's § 301 claim insofar as it is based on the Union's

failure to represent him at the February 2000 arbitration.

In its brief on appeal, the Union characterizes the February 2000 session not as an arbitration but rather as the Union's request to re-open arbitration, a request which it claims was denied. This factual characterization runs contrary to the allegations in Kavowras's complaint. Am. Compl. ¶¶ 64–72. Any dispute the Union has with Kavowras's characterization of events must be presented to the district court in the first instance. For purposes of a motion under Rule 12(b)(6), the court is obligated to accept the version presented by the complaint as true. We need not decide at this point whether a failure of the Union to represent its member adequately in an application to re-open a previously conducted arbitration session would sustain an action under § 301.

*Whether claims arising out of the January 1998 arbitration are time-barred*

▇ As noted, the complaint also alleges that the Union breached its duty of fair representation at the first arbitration session, held in January 1998, by failing to investigate or present evidence on Kavowras's behalf and by attempting to persuade him to accept an "unconscionable" settlement. Am. Compl. ¶¶ 46–53. The limitations period for such a claim is six months, *see DelCostello,* 462 U.S. at 155, 103 S.Ct. 2281, counted from the time when the union member "knew or reasonably should have known that [a breach of the duty of fair representation] had occurred." *Santos,* 619 F.2d at 969. The district court found that, at the latest, Kavowras's "filing of an NLRB charge [on July 10, 1998] start[ed] the statute of limitations running," and therefore his claim accrued the date of that filing. *Kavowras v. N.Y. Times Co.,* No. 00 Civ. 5666, 2000 WL 1672338, at *4 (S.D.N.Y. Nov.6, 2000). Because the complaint was not filed for more

than two years following that date, the court held that the claim was untimely. We see no reason to overturn the district court's conclusion.

Kavowras's claim accrued at the latest by July 10, 1998, the date of his NLRB charge. In his NLRB charge, he alleged in a general manner the same misconduct by the Union which he charged in his complaint. His bringing of the NLRB charge establishes that he had actual knowledge of the breach by July 10, 1998. It is beyond dispute that his claim had accrued by that date. *See Simmons v. Howard Univ.,* 157 F.3d 914, 916 (D.C.Cir. 1998); *Washington v. Serv. Employees Int'l Union, Local 50,* 130 F.3d 825, 826 (8th Cir.1997); *Adams v. Budd Co.,* 846 F.2d 428, 431 (7th Cir.1988); *Arriaga-Zayas v. ILGWU–Puerto Rico Council,* 835 F.2d 11, 13 (1st Cir.1987); *Watson v. Local 32B–32J,* No. 98 CIV. 0431, 1999 WL 759992, at *5 (S.D.N.Y. Sept. 27, 1999); *Katsaros v. Transit–Mix Concrete Corp.,* 615 F.Supp. 450, 451 (S.D.N.Y. 1985). The two years that expired before he brought his complaint unquestionably exceeded the six months he was allowed under *DelCostello.*

On the basis of our ruling in *Ghartey v. St. John's Queens Hosp.,* 869 F.2d 160 (2d Cir.1989), Kavowras argues that, notwithstanding his filing of an NLRB charge, his suit was not untimely because no award was ever issued concluding the arbitration in January 1998.

In *Ghartey,* the arbitration of the plaintiff's grievance was conducted between January 5 and February 18, 1987; the arbitrator issued his award, finding against the plaintiff, on March 9, 1987. The plaintiff filed her complaint on September 8, 1987, which was slightly more than six months following the last hearing, but was less than six months following the issuance of the award. *Id.* at 161. The district

court dismissed on the ground that the action was not filed within the six months allowed. We reversed. We ruled that a claim accrued on March 9, 1987, when the adverse award was issued. We reasoned that a plaintiff should not be compelled to sue her union for ineffective representation, nor should the court be compelled to adjudicate the asserted ineffectiveness, before the efficacy of the union's representation was revealed by the arbitrator's rendition of an adverse award. Explaining that the plaintiff could not have been expected to bring the suit before issuance of a decision in the arbitration, we ruled that the suit was not untimely when filed. *Id.* at 163. Kavowras argues that under the *Ghartey* precedent, his suit should also be deemed timely as no award had yet been issued at the time of his filing.

Kavowras's arbitration in January 1998 was quite different than *Ghartey*'s. The reasoning of *Ghartey* is predicated on the fact that, when the hearings were concluded, the parties awaited the arbitrator's decision, which was shortly rendered. Here, in contrast, at the conclusion of the hearing a tentative settlement was placed on the record. The parties therefore withdrew without any expectation of the rendition of an award. The *Ghartey* opinion deemed it reasonable to count the six months' limitations period as running from the rendition of the award, rather than from the conclusion of the taking of testimony. In our case, when the hearing concluded and a tentative settlement was placed on the record, no participant had any expectation of the rendition of an award or any further arbitration proceeding. Unless the arbitrator were informed that the settlement fell through and that an award was required, the arbitrator would have no reason to render an award. Absent such notification, the arbitration was concluded. Although the complaint alleges that Kavowras told his Union he was dissatisfied with the award, he does not allege that anyone told the arbitrator an award would be required.

Applying *Ghartey* to our facts in the manner Kavowras urges would distort it beyond reasonable bounds. Where an arbitration concludes with the placement of a tentative settlement on the record, it would mean a permanent tolling of the statute of limitations. According to Kavowras's complaint, he had no expectation of any award concluding the arbitration because the arbitrator understood the dispute to be tentatively settled. Thus there was no basis, unlike in *Ghartey*, for deferring the accrual date until the arbitrator's ruling—a ruling which would never come.

*Equitable estoppel*

 Plaintiff contends the Union was equitably estopped from asserting the defense of the statute of limitations. He asserts that, at its October 6, 1998 meeting, the Union's Executive Board ordered that the Union "move within thirty days to set up [a second] arbitration of plaintiff's grievance." Am. Compl. ¶ 62. Kavowras asserts that a union is barred by the doctrine of equitable estoppel from pleading the statute of limitations where it "has misrepresented the length of the limitations period or in some other way has 'lulled the plaintiff [its member] into believing that it was not necessary for him to commence litigation.'" *Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 61 (2d Cir.1986) (quoting *Cerbone v. ILGWU*, 768 F.2d 45, 50 (2d Cir.1985)). Such an estoppel arises if "(i) 'the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it'; and (ii) 'the plaintiff reasonably relied on that misrepresentation to his detriment.'" *Wall v. Constr. & Gen. Laborers' Union, Local 230*, 224 F.3d 168, 176 (2d Cir.2000) (quoting *Buttry v. Gen. Sig-*

*nal Corp.,* 68 F.3d 1488, 1493 (2d Cir. 1995)).

Kavowras's argument is without force in these circumstances. Kavowras knew of his claim as of July 10, 1998; the statute of limitations began to run at that time. Even if the Union induced him to delay filing suit by lulling him with promises of a remedy, this would not justify such a lengthy delay. According to the complaint, in October 1998, three months into the six-month statute of limitations period, the Executive Board ordered that the Union "move within thirty days to set up an arbitration of plaintiff's grievance." However, no further action was taken until February 2000, a year and four months later. Assuming that the Executive Board's action ordering an arbitration demand within thirty days would justify either an estoppel or a tolling for thirty days, or even sixty, or ninety, it would not justify permanently excusing Kavowras from compliance with the limitations period. Once the order to proceed within thirty days had been ignored for thirty, sixty, even ninety days, Kavowras could no longer contend he was lulled by the Executive Board's order into the belief the Union would act on his behalf. Even if he were given the benefit of a reasonable estoppel or tolling on the basis of the Executive Board order, it would not protect him for a sufficient period to cover his delay in filing until July 2000, and thus does not excuse the untimeliness of his suit.

*The district court's consideration of the NLRB charge*

■■■ Kavowras argues that the district court erred in considering his NLRB charge on the defendants' motion to dismiss. This argument is misplaced: Judicial notice may be taken of public filings, and Kavowras's counsel acknowledged at oral argument that Kavowras had indeed filed the NLRB charge in question. *See, e.g., Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); *County Vanlines Inc. v. Experian Info. Solutions, Inc.,* 205 F.R.D. 148, 154 (S.D.N.Y.2002) (taking judicial notice of NLRB decisions). Additionally, because the Union's failure to respond to Kavowras's repeated requests to redress the proposed settlement arising out of the first arbitration should have alerted him to the Union's breach, we would find that his claim had accrued even without considering the NLRB charge.

*Kavowras's state law claims*

The district court declined to exercise supplemental jurisdiction over Kavowras's state law claims of age discrimination. Because we remand a federal claim to the district court, we also vacate the court's dismissal of the state law claims.

**CONCLUSION**

The judgment of the district court is affirmed as to its dismissal of the § 301 claim arising out of the January 1998 arbitration, vacated as to its dismissal of the § 301 claim arising out of the February 2000 arbitration, and vacated as to its dismissal of the state law claims. The case is remanded for further proceedings.