Theodore KAVOWRAS,
Plaintiff-appellant,

v.

The NEW YORK TIMES CO. &
Newspaper and Mail Deliverers'
Union, Defendants-appellees.

No. 04–4506–CV.

United States Court of Appeals,
Second Circuit.

May 24, 2005.

Gregory Antollino, New York, NY, for Appellant.

John F. Fullerton III (Bernard M. Plum, on the brief), Proskauer Rose LLP, New York, NY, for Appellee the New York Times Co.

Richard A. Brook (Jordan Rossen, on the brief), Meyer, Suozzi, English & Klein, P.C., New York, NY, for Appellee Newspaper and Mail Deliverers' Union.

Present: SOTOMAYOR, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the Southern District of New York (Baer, J.) is AFFIRMED.

This case is before us for the second time. A prior panel of this Court held that plaintiff Theodore Kavowras had adequately stated a hybrid claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, concerning defendant The New York Times Company's reassignment of Kavowras to an undesirable position and defendant the Newspaper and Mail Deliverers' Union's breach of its duty of fair representation in a February, 2000 arbitration concerning that reassignment. *Kavowras v. New York Times Co.*, 328 F.3d 50, 54–55, 57 (2d Cir.2003) (*"Kavowras I"*). Plaintiff now appeals from the district court's grant of both defendants' motions for summary judgment concerning those claims and its denial of Kavowras's cross-motion for partial summary judgment concerning those and other claims. *See Kavowras v. New York Times Co.*, No. 00–cv–5666, 2004 WL 1672473 (S.D.N.Y. July 26, 2004) (*"Kavowras II"*). We assume the parties' familiarity with the facts of the case and the prior proceedings.

██ We review the district court's disposition of the summary judgment motions *de novo*. *Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d 130, 134 (2d Cir. 2005). For the reasons given by the district court, the claim that the Newspaper and Mail Deliverers' Union ("the Union") acted arbitrarily or in bad faith for failing to seek to enforce the Four Man Board Award ("FMBA") in court as an *alternative* to arbitration accrued no later than July 10, 1998 and is time barred.[1] *See Kavowras II*, 2004 WL 1672473, at \*6, 7 (citing *Kavowras I*, 328 F.3d at 55, 56–57). The claim that the Union breached its duty of fair representation by failing to pursue the theory that Kavorwas' position had been subcontracted in violation of the Collective Bargaining Agreement ("CBA") is without merit. Kavorwas has not adduced competent evidence that the actual work

---

1. Even if the Union's failure to do so were rendered actionable by its continuing failure to sue to enforce the award *after* the February 2000 arbitration, we also agree with the district court's observation that this claim is without merit in light of the language of the Collective Bargaining Agreement ("CBA") and the existence of and habitual recourse to an arbitral grievance procedure, both of which establish beyond dispute that the Union is not bound by the CBA to enforce FMBA awards in court in every instance but may exercise its strategic judgment. *See Kavowras II*, 2004 WL 1672473, at \*7.

he performed under the FMBA continued to be performed by anyone and has not properly shown that there is an issue of fact as to whether he gave the Union any credible basis to suppose that his claims were true.[2] *See Kavowras II,* 2004 WL 1672473, at *8. The Union therefore did not act arbitrarily or in bad faith for failing to pursue this grievance. Nor did the Union act arbitrarily or in bad faith in failing to bring the claims that Kavowras first raised on summary judgment: (1) that the subsequent use of non-Union employees to deliver papers through standard channels to the same recipients formerly served by the Publisher's Roll violates the CBA, (2) that Kavowras should be given that non-Union assignment, or (3) that the use of Tri–State delivery's services to deliver newspapers to homes violated the CBA. Evidence of record establishes that the use of non-Union workers to perform standard home delivery has been in place since 1983 and that the Union has consented to this arrangement in what Kavowras himself argues is a binding amendment to the CBA. The Union's "failure to take an action that is unlikely to be advantageous does not subject it to liability for breach of its duty of fair representation." *Barr v. United Parcel Serv.,* 868 F.2d 36, 44 (2d Cir.1989).

In addition, because Kavowras admits that the Union did not request that the Times appoint a special arbitrator for the 2000 arbitration, and because any further requests by the Union to that effect would have been futile, he fails to make a suffi-

cient showing that the Union breached its duty of fair representation by failing to request recusal of the allegedly biased arbitrator.

 It is well-established law that in order to state a "hybrid" § 301 claim against an employer, "the indispensable predicate ... is ... a demonstration that the Union breached its duty of fair representation." *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), *overruled on other grounds, DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Accordingly, we affirm the district court's grant of summary judgment to the Times.

Finally, we agree with the district court that Kavowras's attempt to introduce any additional related claims would be futile. The district court did not abuse its discretion when it denied Kavowras's motion to amend the complaint. *See Kropelnicki v. Siegel,* 290 F.3d 118, 130 (2d Cir. 2002).

In light of this disposition, we have no occasion to address Kavowras's claim that the district court's comments regarding the likely merit of his state law claims warrant remand to a different judge. We have carefully considered Kavowras's remaining contentions and conclude that they are without merit.

---

2. Kavowras does not point to evidence of record showing any basis of knowledge for his claim that his "Publisher's Roll" route continued to operate during the relevant period. The documents in the record either do not relate to the relevant period or do not relate to Kavowras's former delivery route. The declaration in which he claims to have had apposite documentary evidence in the past and to have shown it to the Union president on an unknown date and to Union attorney O'Connor on the day before his February 2000 arbitration hearing is squarely contradicted by his deposition testimony that he never showed the president or the attorney any such evidence, and is therefore insufficient to create a genuine issue of fact. *Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 455 (2d Cir.1999).