714

Sari COMBIER–KAPEL, Plaintiff,

Betsy Combier, on behalf of herself and on behalf of Elise Combier–Kapel, Plaintiff–Appellant,

v.

Jay BIEGELSON, in his individual and official capacity as Assistant Principal for Special Education at Stuyvesant High School; Gene Blaufarb, in his individual and official capacity as former Assistant Principal for Guidance at Stuyvesant High School; Eleanor Archie, in her individual and official capacity as Assistant Principal of Guidance at Stuyvesant High School; Martha Siegal, in her individual and official capacity as Assistant Chairperson of the Manhattan High School's Committee on Special Edu-

cation; Carmen Sanchez, in her individual and official capacity as Speech/Language Evaluator for the Manhattan High Schools' Committee on Special Education; D.J. Sheppard, in her individual and official capacity as District 3 Parent Engagement Liaison; Laurence Lynch, in his individual and official capacity as Principal of Booker T. Washington Middle School 54; Fred La Senna, in his individual and official capacity as Administrator of the Delta Program, Booker T. Washington Middle School 54; Joel Klein, in his individual and official capacity as Chancellor of the New York City Board of Education; New York City Board of Education; and the City of New York, Defendants–Appellees.

No. 05–2270–cv.

United States Court of Appeals, Second Circuit.

June 12, 2007.

Elizabeth Combier, pro se, New York, NY, for Plaintiff–Appellant.

Ann E. Scherzer, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellees.

PRESENT: Hon. RALPH K. WINTER, Hon. B.D. PARKER, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Elizabeth Combier appeals from a February 28, 2005 judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) granting defendants-appellees' motion to dismiss. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ The claims Combier raises in her amended complaint are by and large precluded by an earlier stipulation of settlement she entered into, through counsel, at an impartial hearing regarding her daughter's Individualized Education Plan ("IEP"). Combier's contention that she never agreed to a settlement is belied by the record of proceedings before the Impartial Hearing Officer ("IHO"). Hearing Transcript, June 11, 2003, at 154; 174–79. The district court did not err in considering the IHO's decision, along with certain other documents in the administrative record, since such documents were subject to judicial notice and were integral to the complaint. *See Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir.2003); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002).

■ As to Combier's claims regarding determinations made about her daughter's IEP by the Committee on Special Education ("CSE"), on remand from the IHO's June 2003 order, the district court correctly concluded that Combier had failed to exhaust her administrative remedies. "It is well settled that the [Individuals with Disabilities Education Act] requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir.2004). The administrative process "includes re-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

**716**

view by an impartial due process hearing officer and an appeal from that hearing." *Id.*

Combier seeks to bypass New York's system of administrative review by filing a civil suit without first having challenged the CSE's most recent determination before an IHO or State Review Officer. *Cf. Grim v. Rhinebeck Cent. Sch. Dist.,* 346 F.3d 377, 379–80 (2d Cir.2003) (describing the administrative processes available to "New York parents who believe an IEP is insufficient under the IDEA"). Although "the IDEA's exhaustion requirement does not apply in situations in which exhaustion would be futile," *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.,* 288 F.3d 478, 488 (2d Cir.2002) (internal quotation marks omitted), Combier has failed to establish an exception to that requirement here. The district court therefore lacked subject matter jurisdiction over her unexhausted claims. *See id.* at 490.

We have considered Combier's remaining arguments and find that they lack merit. Accordingly, we affirm the judgment of the district court.