09-4952-cv
Maldonado v. George Weston Bakeries

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          JOHN M. WALKER, JR.,
          REENA RAGGI,
                *Circuit Judges.*

---------------------------------------------------------

MARIO ENRIQUE MALDONADO,
          *Plaintiff-Appellant*,

     v.                                     No.    09-4952-cv

GEORGE WESTON BAKERIES,
          *Defendant-Appellee*.

---------------------------------------------------------

APPEARING FOR APPELLANT:     MARIO ENRIQUE MALDONADO, *pro se*, Stamford, Connecticut.

APPEARING FOR APPELLEE:     TAL A. KADAR (A. Robert Fischer, *on the brief*), Jackson Lewis LLP, Stamford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Mark R. Kravitz, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on October 26, 2009, is AFFIRMED.

Pro se plaintiff Mario Enrique Maldonado appeals from the dismissal of his wrongful termination complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). In reviewing a dismissal decision de novo, we construe the complaint liberally, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Where, as here, a plaintiff proceeds pro se, we afford the pleadings special solicitude. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). In applying these principles, we assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Maldonado submitted a form complaint indicating that he wished to raise employment discrimination claims based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. The complaint alleged no facts to support these claims, however, beyond the date of Maldonado's birth and the assertion that "other similar altercation cases were given preferential treatment." The papers attached to the complaint discuss the circumstances of the allegedly similar cases, but do not allege that any preferential treatment was due to race or age. These facts are insufficient to state a claim under Title VII or the

2

ADEA. Although we do not require a plaintiff to plead specific facts to show a prima facie case of discrimination, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511–12 (2002), dismissal is nevertheless appropriate where the plaintiff "failed to allege even the basic elements of a discriminatory action claim," Patane v. Clark, 508 F.3d 106, 112 & n.3 (2d Cir. 2007) (dismissing complaint in gender discrimination case under Title VII where plaintiff "failed to plead any facts that would create an inference that any adverse action taken by any defendant was based upon her gender" (internal quotation marks and alterations omitted)). The district court afforded Maldonado an opportunity to file an amended complaint, noting that his opposition to the motion to dismiss included additional facts that might have supported a Title VII or ADEA claim. But Maldonado did not file any document within the time prescribed. The district court thus properly dismissed his complaint for failure to state a claim under Title VII or the ADEA.

To the extent the district court liberally construed Maldonado's complaint as asserting a "hybrid § 301/fair representation claim" under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the district court correctly ruled that the complaint was filed outside of the six-month limitations period applicable to such a claim. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163–65, 169–71 (1983). We have previously held that, "regardless of who is named as a defendant, a hybrid claim is presented if an employee has a cause of action against both the employer and the union, where the two claims are inextricably linked, and where the case to be proved is the same against both." Carrion v.

3

Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 34 (2d Cir. 2000) (internal quotation marks omitted). Further, an employee "cannot circumvent the six-month limitations period for hybrid actions by choosing to sue only his employer." Id. (internal quotation marks and alterations omitted). Here, the documents attached to Maldonado's complaint reveal that he asserted a claim that his employer did not properly investigate the incident pursuant to the collective bargaining agreement and that his union—which is not a party to this action—"breached its duty of fair representation by not representing [him] in arbitration." These claims fall within the scope of § 301 of the Labor Management Relations Act, and therefore, are subject to a six-month statute of limitations period.

The six-month limitations period runs from "the time when the union member knew or reasonably should have known that a breach of the duty of fair representation had occurred." Kavowras v. N.Y. Times Co., 328 F.3d 50, 55 (2d Cir. 2003) (internal quotation marks and alterations omitted). Even if we were to deem August 6, 2008, as the date Maldonado "knew of" his claim—the date of Maldonado's letter disputing the analysis of the Connecticut Commission on Human Rights and Opportunities—his federal complaint was untimely, as it was filed more than seven months after this date.

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4