Howell v. Vazquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.

PRESENT:
>          ROSEMARY S. POOLER,
>          RICHARD C. WESLEY,
>                   *Circuit Judges*,
>          RICHARD K. EATON,[*]
>                   *Judge.*

_____

Kenneth Howell,

>          *Plaintiff-Appellant*,

>     v.                                                              15-245

Estella Vazquez, et al.,

>          *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Kenneth Howell, pro se, Bronx, New York.

FOR DEFENDANTS -APPELLEES:          David Slutsky, Levy Ratner, P.C., New York, New York.

_____

[*] The Honorable Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kenneth Howell, proceeding pro se, appeals the district court's judgment dismissing his complaint as untimely. Howell sued 1199SEIU United Healthcare Workers East (the "Union") and two of its agents for violating their duty of fair representation by declining to arbitrate his grievance. The district court dismissed the complaint as time-barred because it was not filed within six months of when Howell knew of the alleged breach. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint de novo, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). An employee's claim that his union breached its duty of fair representation must be filed within six months of when the employee "*knew* or reasonably *should have known* that such a breach of the duty of fair representation had occurred, even if some possibility of nonjudicial enforcement remained." *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 46 (2d Cir. 2014) (quoting *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995)).

Upon review, we conclude that the district court properly dismissed Howell's claims as untimely. We affirm for substantially the reasons stated by the district court in its thorough January 16, 2015 decision.

Howell contends that his claim did not accrue until the Union denied his internal appeal of its decision not to arbitrate, but we have held that accrual is not "deferred until it is clear that none of the internal union mechanisms will achieve success." *Santos v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 619 F.2d 963, 969 (2d Cir. 1980). Howell filed a charge against the Union with the National Labor Relations Board, challenging the Union's decision not to arbitrate, nine months before he filed the complaint. Accordingly, his claim had accrued by that time because he knew of the alleged breach. *See Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 55 (2d Cir. 2003) (holding that claim accrued, at the latest, when union member filed NLRB charge against the union based on the same conduct alleged in the complaint); *see also Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 165 (2d Cir. 1989) ("Where a union refuses or neglects to assist a union member, decides to stop assisting a member, or acts against the interests of a member, a breach of duty by the union is apparent to the member at the time she learns of the union action or inaction about which she complains." (citations omitted)).

Howell also argues that the district judge should have recused herself. Howell never moved for recusal in the district court. Even assuming that this argument is not waived, Howell's allegations do not demonstrate that "a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir. 1993) (quoting *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (emphasis omitted).

We have considered all of Howell's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk