23-507-cv (L)
*Colony Grill Development, LLC v. Colony Grill, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> ALISON J. NATHAN,
> *Circuit Judges*.

───────────────────────────────────

Colony Grill Development, LLC, Fairfield Colony, LLC,

> *Plaintiffs-Counter-*
> *Defendants-Appellees*,

Cody L. Lee, Christopher Drury, Paul Coniglio, Kenneth M. Martin,

> *Counter-Defendants-*
> *Third-Party-Defendants-*
> *Appellees*,

v.                                                          23-507-cv (L),
                                                            23-691-cv (CON)

Colony Grill, Inc.,

> *Defendant-Counter-*
> *Claimant-Appellant*,

Colony Grill of Stamford, LLC,

*Defendant-Counter-Claimant-Third-Party-Plaintiff-Appellant*.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT:                    DAMIAN K. GUNNINGSMITH (John R. Horvack, Jr. and Fatima Lahnin, *on the brief*), Carmody Torrance Sandak & Hennessey LLP, New Haven, CT.

FOR DEFENDANT-COUNTER-
CLAIMANT-THIRD-PARTY-
PLAINTIFF-APPELLANT:                    EDWARD T. COLBERT (Erik C. Kane, Jeremy S. Boczko, and Armin Ghiam, *on the brief*), Hunton Andrews Kurth LLP, Washington, DC and New York, NY.

FOR APPELLEES:                                    DAVID J. WOLFSOHN (Tyler Marandola and Brianna Vinci, *on the brief*), Duane Morris LLP, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Counterclaim-Plaintiffs Colony Grill, Inc. ("CGI") and Colony Grill of Stamford, LLC ("CGS") (collectively "appellants") appeal from the district court's March 29, 2023 order, denying their motion for a preliminary injunction against Counterclaim-Defendants Colony Grill Development, LLC ("CGD"), Fairfield Colony, LLC ("FCLLC"), Cody L. Lee, Christopher Drury, Paul Coniglio, and Kenneth M. Martin (collectively "appellees"). In connection with their claims concerning trademark infringement, trade secret violations, and breach of contract,

2

appellants seek a preliminary injunction to restrain appellees from, *inter alia*, using the Colony Grill trademark. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Since 1989, appellant CGI has owned Colony Grill, a pizza restaurant in Stamford, Connecticut. In 2010, CGI licensed its Colony Grill trademark and "know-how" for use in opening one additional location to appellant CGS, which sublicensed the trademark to appellee FCLLC. In 2012, CGI licensed the trademark and certain "know-how" to CGS for broader use, and CGS sublicensed the same to appellee CGD. CGD subsequently opened multiple other Colony Grill locations. In 2019, appellees ceased paying royalties to CGI under the licensing agreements. Appellees also filed a lawsuit asserting that appellants had abandoned the trademark through naked licensing. Appellants terminated the licenses in April 2020 and subsequently filed counterclaims for trademark infringement, trade secret violations, and breach of contract.

In October 2020, appellants moved for a preliminary injunction against appellees to block them from opening a new Colony Grill restaurant in Virginia using the Colony Grill trademark and from using or disclosing the Colony Grill trade secrets. In April 2021, counsel for appellees sent letters to appellants, which included a plan for appellees to rebrand away from the Colony Grill trademark. In May 2021, appellants filed a second motion for a preliminary injunction in order to prevent appellees "from using the Colony Grill trademark, operating any pizza business within 15 miles of any existing or future Colony Grill Restaurant, using or disclosing confidential information, misappropriating trade secrets relating to recipes, and using or disclosing recipes and cooking techniques needed to make and sell Colony Grill pizza." *Colony Grill Dev., LLC v. Colony Grill, Inc.*, No. 21-2136, 2022 WL 950950, at *1 (2d Cir. Mar. 30, 2022).

3

At a hearing held on August 10, 2021, the district court, applying the mandatory injunction standard, denied both motions for a preliminary injunction. In applying that standard, the district court stated that even though, as to the trademark infringement and unfair competition claims, "there are sufficiently serious questions going to the merits to make them a fair ground for litigation," appellants did not make a showing that they were likely to succeed on the merits. Dist. Ct. Dkt. No. 368 at 13. CGI appealed.

On appeal, CGI contested only the denial of the preliminary injunction as to its counterclaim for infringement of its federally registered trademark. This Court affirmed in part and vacated in part the district court's order and, as accurately summarized by the district court, remanded the case for the district court to do the following:

> (1) evaluate the request for a preliminary injunction to restrain use of the trademark under the prohibitory injunction standard;
>
> (2) decide in the first instance what effect, if any, the licensing agreements have on CGI's likelihood of success on the merits of its trademark infringement claim and whether CGD and FLLC are barred by licensee estoppel from challenging the validity and ownership of the trademark;
>
> (3) if CGI has a likelihood of success, determine whether the presumption of irreparable harm [has been rebutted] in view of the legal considerations that
>
>> (a) a trademark holder's loss of control of the trademark may cause harm even if an alleged infringer is running a successful business with use of the mark,
>>
>> (b) a trademark holder may compete in the marketplace as a licensor rather than an operator, and
>>
>> (c) whether monetary damages would be an adequate remedy[;]
>
> (4) consider the balance of the harms and the public interest associated with CGI's request for a preliminary injunction based on its trademark infringement claim,

apart from the assumption that granting such relief would require the closure of restaurants.

*Colony Grill Dev., LLC v. Colony Grill, Inc.*, No. 3:20-cv-213, 2023 WL 2674437, at *1 (D. Conn. Mar. 29, 2023) (alterations adopted) (internal quotation marks and citation omitted).

On remand, the district court again denied injunctive relief. As a preliminary matter, the court "conclude[d] that licensee estoppel does not bar [appellees] from challenging the validity and ownership of the trademark." *Id.* at *2. Nevertheless, the district court assumed *arguendo* that appellants had a likelihood of success on the merits and applied the "presumption that they would suffer irreparable harm in the absence of an injunction." *Id.* at *7 (citing 15 U.S.C. § 1116(a)). However, the district court determined appellants would not suffer irreparable harm and thus the presumption had been rebutted. In addition, in the alternative, the district court held that the balance of harms and the public interest weighed against the issuance of an injunction. Appellants then filed the instant appeal.[1]

"We review the denial of a preliminary injunction for abuse of discretion." *Lynch v. City of New York,* 589 F.3d 94, 99 (2d Cir. 2009).[2] "A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3)

---

[1] During the pendency of this appeal, the district court scheduled trial for January 2024. Dist. Ct. Dkt. No. 449.

[2] "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Vincenty v. Bloomberg*, 476 F.3d 74, 83 (2d Cir. 2007) (internal quotation marks and citation omitted).

5

that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted) (internal quotation marks and citation omitted). Moreover, this Court has noted that "injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010) (internal quotation marks and citation omitted). Finally, "[b]ecause we review a district court's denial of a preliminary injunction for an abuse of discretion, . . . appellant has a formidable hurdle to overcome." *Brennan's, Inc. v. Brennan's Restaurant, L.L.C.*, 360 F.3d 125, 129 (2d Cir. 2004) (internal citation omitted).

Appellants contend that the district court erred in denying the preliminary injunction by "failing to conclude that CGI had a likelihood of success on the merits of its trademark infringement claim," CGI Br. at 25, by "concluding that CGI is not irreparably harmed from CGD and FCLLC's continued use of the COLONY GRILL mark," *id.* at 42, and by "concluding that the balance of the harms and public interest do not favor enjoining CGD and FCLLC from continuing to use the COLONY GRILL mark," *id.* at 48. As set forth below, we discern no abuse of discretion in the district court's denial of appellants' motions for a preliminary injunction because of the lack of irreparable harm.[3]

---

[3] Appellants also argue, with respect to the district court's rulings on the other requirements of the preliminary injunction standard, that the district court failed to follow on remand our mandate in the prior summary order and made several erroneous determinations regarding those other requirements. However, because we affirm the district court's decision based solely on appellants' failure to satisfy the irreparable harm requirement, we need not and do not address the other arguments. Moreover, we emphasize that we express no views on the district court's legal determinations with regard to the other preliminary injunction requirements, nor do we express any views on the ultimate merits of appellants' claims.

6

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (per curiam) (internal quotation marks and citation omitted). It is well settled that "[t]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (internal quotation marks and citation omitted). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005).

Here, the district court assumed *arguendo* that appellants had a likelihood of success on the merits on the trademark claim, but concluded that appellees had rebutted the presumption of irreparable harm. In reaching that determination, the district court thoroughly addressed the specific issues that we previously directed it to consider on remand with respect to irreparable harm. First, as the district court recognized, "we have consistently held that a preliminary injunction should usually issue when the use of a mark creates a likelihood of confusion in the consumers' minds as to the ownership or sponsorship of a product." *Colony Grill Dev.*, 2023 WL 2674437, at \*7 (quoting *Church of Scientology Int'l v. Elmira Mission of the Church of Scientology*, 794 F.2d 38, 41 (2d Cir. 1986)). However, as the district court explained:

> [Appellants] point to no evidence of a potential for consumer confusion as to sponsorship pending trial. On the other hand, [appellees] provided evidence that they are the only ones operating Colony Grill restaurants, so there is no risk of confusion in consumers' minds at this time. Also, they have produced evidence that CGS has no present plan or intention to license or open any Colony Grill

7

restaurant anywhere, much less in any area where [appellees] are currently operating. As to CGI, under its license agreement with CGS, it is prohibited from licensing other restaurants.

*Id*. The district court also considered potential irreparable harm with respect to appellants' "'interest in controlling the use of its mark by its licensees in order to preserve the mark's quality and its continued vitality.'" *Id.* at \*8 (quoting *Church of Scientology Int'l*, 794 F.2d at 43). The district court determined, based on the record, that appellants would not be harmed in this context. Specifically, it found that appellees had demonstrated that "there is no evidence that any product sold by them differs in any way from the products authorized by the trademark for sale or fails to conform to any such quality standards or procedures." *Id.* Furthermore, the district court noted that "the evidence [shows] that not only do the products being sold conform to any such standards or procedures, but also that [appellees] actually set the standards and procedures." *Id.*

Similarly, the district court considered the potential injury to reputation that appellants may suffer. However, it concluded that appellants would not experience any such reputational damage, because they entered into a management agreement with appellees "who since 2012 have exercised significant control over the reputation of the trademark at issue here, [and] will continue to have such significant control." *Id.* at \*9. In particular, because appellees' operation of the Colony Grill restaurant in Stamford under a management agreement was not the subject of appellants' infringement claim or the potential injunction, the district court noted that appellees would continue to have significant control over the reputation of the mark "no matter what the outcome of the trial on the issues in this case." *Id.* Moreover, the district court emphasized that appellees demonstrated that "they operate all of their Colony Grill restaurants and the Stamford restaurant

8

under a common set of standards and procedures," such that "there is no risk of [appellants] suffering any injury to the reputation of their trademark pending trial." *Id.* at *9–10.

The district court determined that monetary damages would be a sufficient remedy for any injury suffered by appellants. The district court noted that "the parties here engaged in arm's length negotiations that established a value for the use by [appellees] of the Colony Grill trademark." *Id.* at *10. Accordingly, it concluded that, given the absence of any harm to the reputation of the brand or any other non-monetary harm, appellants "can be compensated for their loss of revenue with an award of monetary damages." *Id.*

Appellants have failed to point to any portion of the record that contradicts the factual findings underpinning the district court's irreparable harm analysis. Moreover, based upon those factual findings, we find unpersuasive appellants' contention that the district court abused its discretion in its determination that the presumption of irreparable harm had been rebutted by appellees under the particular facts of this case.[4] Instead, we conclude that the district court acted

---

[4] We note that appellants' claim of irreparable harm is further undermined by their conduct during the litigation. In particular, appellants did not file the motion for a temporary restraining order and preliminary injunction until approximately five months after the lawsuit was filed. *Citibank, N.A. v. CityTrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action."). Even assuming that delay was reasonably attributed to the pandemic, the motion for a TRO and preliminary injunction only sought to block the opening of a Virginia restaurant, but did not seek any injunctive relief as to the other restaurants that appellees continued to operate in Connecticut and New York. Even more telling on the issue of irreparable harm is appellants' conduct after the district court denied its preliminary injunction motions in March 2023. More specifically, following that decision, the district court sought to schedule the trial during this past summer, and appellants filed a motion to stay the trial pending the resolution of the appeal on the preliminary injunction motions. Although the district court denied the stay motion, appellants' efforts to delay a trial in which they could have already obtained permanent injunctive relief if they prevailed, and instead pursue an interlocutory appeal on the denial of preliminary injunctive relief, lend further support to the district court's conclusion that appellants will not suffer irreparable harm in the

well within its discretion in concluding that there was no irreparable harm to appellants in the absence of an injunction prior to trial.

*        *        *

We have considered appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[5]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

absence of injunctive relief pending trial, which is now scheduled for January 2024. In seeking the stay of the trial in the district court, appellants relied heavily on their desire to have this Court provide some guidance on the merits in its review of the preliminary injunction denial. *See* Dist. Ct. Dkt. No. 431 at 8–9 ("Absent an immediate stay, CGS will be forced to incur the time and expense of pretrial filings and trying the case when the Second Circuit has agreed to fast track its schedule so as to provide expedited guidance that would be relevant to trial."). However, courts have repeatedly warned litigants against using a review of a preliminary injunction motion "to ascertain the views of the appellate court on the merits of the litigation." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982); *see also Brennan's, Inc.*, 360 F.3d at 129 ("It seems to us that if a party desires rapid resolution of the suit, after its motion for a preliminary injunction has been denied, better practice would be to seek an expedited trial on the merits. With the parties then able to create a more substantial record, the district court would have an opportunity to make more extensive and reliable findings of fact and we would be in a better position to engage in meaningful appellate review."). That warning is especially apt here where the district court has made clear that its analysis of the legal issues related to the merits was "based on the then-state of the record" and that its analysis could be impacted by further development of the record. Dist. Ct. Dkt. No. 447 at 2.

[5] Appellants contend that "[t]his Court should reassign this case to another district court judge on remand." CGI Br. at 53. As a threshold matter, in light of our disposition, there is no remand on the preliminary injunction motion and, thus, that request is moot. *See In re Austrian, German Holocaust Litig.*, 250 F.3d 156, 165 (2d Cir. 2001); *see also Kavowras v. N.Y. Times Co.*, 132 F. App'x 381, 383 (2d Cir. 2005) (summary order). To the extent that appellants more broadly seek re-assignment of the case to a new district judge for any further proceedings, we find no basis for any such re-assignment and the request is denied.